In re DOWIE.

(District Court, S. D. New York. December 11, 1912.)

1. BANKRUPTCY (§ 391*)—NONDISCHARGEABLE DEBT—JUDGMENT—STAY.
   A judgment on a nondischargeable debt should not be stayed pending bankruptcy proceedings.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. § 391.*]

2. BANKRUPTCY (§ 424*)—NONDISCHARGEABLE DEBT—TORTS—JUDGMENT FOR COSTS.
   A judgment for damages for slander not being dischargeable in bankruptcy, a judgment against plaintiff for costs in such action partakes of the same character and is not dischargeable.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 818; Dec. Dig. § 424.*]

3. EXECUTION (§ 425*)—EXECUTION AGAINST PERSON—TORTS.
   A judgment in any action for a pure tort, as in an action for slander, can be enforced by an execution against the person.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 775; Dec. Dig. § 425.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Oliver Dowie. On motion to vacate an order staying proceedings on a judgment for costs recovered against the bankrupt in an action by him for slander. Granted.

Mortimer W. Solomon, of New York City, for bankrupt.
Herbert H. Gibbs, of New York City, for judgment creditor.

HOLT, District Judge. This is a motion to vacate an order staying proceedings upon a judgment for costs recovered against the bankrupt by a defendant whom the bankrupt sued for slander.

[1-3] A judgment on a debt which is not dischargeable should not be stayed pending bankruptcy proceedings. It has been held that a judgment to recover damages for slander is not dischargeable (National Surety Co. v. Medlock, 19 Am. Bankr. Rep. 654, 2 Ga. App. 665, 58 S. E. 1131; McDonald v. Brown, 10 Am. Bankr. Rep. 58, 23 R. I. 546, 51 Atl. 213, 58 L. R. A. 768, 91 Am. St. Rep. 659), and, in my opinion, a judgment for costs in such an action, recovered by a defendant against the plaintiff, partakes of the same character. A judgment in such an action, or in any action for a pure tort, either in favor of the plaintiff or the defendant, can be enforced by an execution against the person.

The stay enjoining the enforcement of the judgment against the bankrupt is vacated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes