167 So.2d 73 (1964)
Ruth HOHWEILER, Appellant,
v.
Edward HOHWEILER, Appellee.
No. 4474.
District Court of Appeal of Florida. Second District.
September 4, 1964.
*74 Russell K. Peavyhouse and Benjamin C. Sidwell, of Sidwell & Cheatwood, Tampa, for appellant.
Howard L. Garrett, of Garrett & Garrett, Tampa, for appellee.
SHANNON, Judge.
The appellant, defendant below, appeals from the chancellor's final decree granting the appellee, plaintiff below, a divorce and denying the appellant alimony and attendant expenses.
From the first final decree, which was dated May 17, 1963, we gather these facts. The parties were married in 1928 and lived together until July 19, 1950, at which time the husband left the wife and moved to Tampa, Florida, and began divorce proceedings against the wife, obtaining a final decree of divorce dated October 29, 1951. It was subsequently found that constructive service on the wife was based on a false affidavit executed by the husband, and the divorce decree was set aside. In 1953 the parties appeared before a Superior Court of New Jersey in proceedings initiated by the wife for nonsupport. The New Jersey Court found that the husband had unjustifiably deserted the wife and infant child and ordered him to pay $37.50 per week for support of the wife and child. In 1962 the husband brought divorce proceedings in Tampa against the wife, who resided in New Jersey, charging desertion and extreme cruelty. The wife defended on the grounds that the husband was precluded from obtaining a divorce by his unclean hands. The chancellor originally denied the husband a divorce, but upon a rehearing, granted the divorce for the reason that the husband's acts constituting unclean hands occurred subsequent to the separation which had been caused by the extreme cruelty of the wife. The husband had been paying support money for the wife and child as ordered by the New Jersey Court until the time of these proceedings. The child is now 27 years old and has been self-supporting since he became 21 years old. The chancellor denied the wife's petition for travel and maintenance expenses for the reason that "it would be inequitable to grant her same because of her collection from plaintiff of child support for a period of six years subsequent to said child's majority and marriage."
The wife is appealing on three grounds, that: 1) The chancellor erred by holding that the defense of unclean hands was inapplicable. 2) The court erred by failing to give effect to the New Jersey decree which found that the husband caused the separation of the parties. And 3) The chancellor erred in not granting the wife alimony, along with travel and maintenance expenses.
The court ruled that the defense of unclean hands was inapplicable after hearing the testimony of the parties, which was conflicting. It appears to be a close question, but we cannot say that the chancellor abused his discretion under the circumstances as shown by the record, and so the granting of the divorce is affirmed.
The appellant contends that the issue of who was at fault regarding the separation of the parties, was decided by the New Jersey Court and it is res adjudicata, or, alternatively, there is estoppel by judgment. In order for the doctrine of res adjudicata to be applicable the subsequent *75 proceedings must involve the same cause of action. Under res adjudicata the first decree or judgment is conclusive as to all matters that were or could have been raised. The New Jersey suit was for separate maintenance and the Florida proceedings were for a divorce, thus the causes of action were not the same, and res adjudicata is not applicable. Estoppel by judgment precludes the parties from litigating in a second suit, issues which were actually decided in a previous suit, even though the causes of action be different. The burden is on the party asserting the previous judgment or decree to show that the facts and issues were actually litigated in the previous suit. See Stone v. Stone, Fla.App. 1959, 111 So.2d 486; Shirley v. Shirley, Fla.App. 1958, 100 So.2d 450; Gordon v. Gordon, Fla. 1952, 59 So.2d 40; Bagwell v. Bagwell, 1943, 153 Fla. 471, 14 So.2d 841; and Prall v. Prall, 1909, 58 Fla. 496, 50 So. 867. In the case on review the wife attached a copy of the New Jersey decree to the pleadings and asserted it as a defense, but offered no proof to show which facts and issues had actually been litigated in the previous action. She did not bear the burden of proof required by the doctrine of estoppel by judgment, and therefore this issue is affirmed.
The chancellor denied the wife's petition for travel and maintenance expenses because she had accepted support payments for the child for six years after he reached majority and became self-supporting. The husband and wife adopted this child during their marriage and the husband was well aware of the child's age, yet he did not seek a modification of the New Jersey decree when the child reached majority. In Stephenson v. Stephenson, Fla. 1951, 52 So.2d 684, the wife brought an action for support payments which were in arrears and the husband contended that he should only be liable for support payments which had accrued at the time the child reached majority. The court said:
"Lastly, the appellant argues that the lower court erred in holding him to the payment of the amounts under the decree for the period following the daughter's attaining her majority and after her marriage. The decree was a composite one for the payment of $50 per month for alimony and support of the child `until the further order of the court.' The appellant did not seek a modification of the decree after the daughter reached her majority, nor has he yet done so. The decree was and is a valid and subsisting order for the payment of money, and no reason has been made to appear why it should not be enforced against appellant. Our courts are, of course, open to appellant to seek a modification of the decree, should he desire to do so."
It was incumbent on the husband to obtain a modification of the decree when the child reached majority, and the wife should not be penalized for continuing to accept these payments. Therefore, the chancellor erred in not awarding the wife travel and maintenance expenses.
Alimony was not mentioned in the final decree. This case is remanded in order that the chancellor may amend the final decree to award travel and maintenance expenses to the wife and to determine whether or not she should be given alimony.
Affirmed in part and reversed in part.
ALLEN, Acting C.J., and SAMPLE, WALLACE, Associate Judge, concur.