McCAIN, Judge.
Plaintiff appeals from final judgment for defendant in a suit for contribution. We reverse.
The parties stipulated these essentials: In 1961 an internal revenue lien was filed and assessed jointly against plaintiff, defendant and two other persons; the lien with accrued interest totaled $25,103.22; *189 these four individuals had shared equally in the profits upon which the lien was based; in 1964 a suit between plaintiff and defendant over their businesses and affairs was disposed of by judgment which accepted an agreement between these parties, the material portion of which reads:
“The object and purpose of this settlement is to amicably adjust all of the affairs between MORTON A. CORN and IRVING HOFFMAN and that upon transfer of these eight and one-half (8J4) shares by MORTON A. CORN to IRVING HOFFMAN, said parties are then quit, each from the other, in any of their principal objectives or in any of their business enterprises whatsoever.”;
the tax lien was paid and discharged in 1966 with plaintiff paying $1,681.76 over his one-quarter share and with defendant paying at least $1,681.76 less than his one-quarter share.
This action by plaintiff against defendant for contribution in the amount of $1,-681.76 followed. The stipulation established the sole issue to be the effect of the cited agreement. The judge found for defendant and dismissed the cause with prejudice.
Defendant, while candidly admitting that mutual release and res judicata are not applicable, contends that estoppel by judgment is. This assertion is grounded on the premise that the judgment in the earlier action by accepting the mutual release institutes an estoppel to any claim for contribution involving the tax lien. We cannot agree.
Estoppel by judgment is available as a defense in a suit to those matters actually litigated and determined in an earlier action. It is not available to those matters which might have been litigated but were not.[1]
Moreover, the party asserting this doctrine has the burden to show that the matters in dispute were previously litigated and determined.[2]
This record does not disclose the tax lien was in any way involved in the 1964 suit between these parties or that the court even considered it. If the lien was involved in that action, defendant failed to establish it and thereby failed to meet his burden.
Accordingly, the final judgment appealed from is reversed and this cause is hereby remanded for entry of judgment for plaintiff.
REED, J., concurs.
CROSS, C. J., concurs in conclusion.

. Gordon v. Gordon, Fla.1952, 59 So.2d 40.

. Hohweiler v. Hohweiler, Fla.App.1964, 167 So.2d 73.