344 So.2d 1282 (1977)
Joseph P. PENZA, Petitioner,
v.
Theodore NECKLES, Etc., Respondent.
No. 50875.
Supreme Court of Florida.
April 7, 1977.
Steve E. Moody of Moody & Jones, Fort Lauderdale, for petitioner.
Michael J. Padula of Allsworth, Doumar, Schuler, Padula & Laystrom, Fort Lauderdale, for respondent.
KARL, Justice.
We have for review, on petition for certiorari granted, a question of great public interest certified to us by the District Court of Appeal, Fourth District, which ruled upon the question in the decision of Penza v. Neckles et al., reported at 340 So.2d 1210. Jurisdiction vests pursuant to Article V, Section 3(b)(3), Florida Constitution.
In a suit brought by petitioner Joseph P. Penza against respondents Theodore Neckles and Daniel Resnick to recover money loaned, expenses incurred and compensation for services, final judgment was entered against Neckles and Resnick, jointly and severally, for $29,392.42. After the entry of the final judgment, the petitioner executed and delivered a document to Resnick wherein, for the sum of $2,500, he released Resnick from any obligation on the judgment. The post final judgment instrument *1283 is a standard general release form which was modified to provide specifically that the other obligor, respondent Neckles, was not released in any manner. On motion to vacate final judgment, and following an evidentiary hearing, the trial court ruled that the document operated to discharge Neckles, as well as Resnick, from liability to petitioner on the final judgment.
Appeal was taken, and the District Court of Appeal, Fourth District, confronted with the question as to whether the trial court's conclusion that the subject instrument satisfied, released and/or discharged Neckles from final judgment of December 31, 1974, was proper, concurred that the release Penza gave Resnick discharged Neckles from liability because, under the law in Florida, the common law rule still prevails and a release of one joint and several obligor releases all others. The District Court considered treating the release in question as a covenant not to sue but rejected this approach because such course of action was condemned by this court in Louisville & N.R. Co. v. Allen, 67 Fla. 257, 65 So. 8 (1914). The District Court certified the following question as one of great public interest:
"Does the written release of one joint and several obligor release all other joint and several obligors on the same obligation when the release expressly states that is not the intention of the obligee to release any other joint and several obligor and when the release expressly reserves the right in the obligee to sue any and all other joint and several obligors?"
We find that the District Court correctly answered the certified question in the affirmative. The post judgment general release given by petitioner to Resnick also discharged Neckles from the obligation since the common law which still prevails in Florida is to the effect that a release of one joint and several obligor releases all others. Moreover, the District Court was correct in refusing to treat the post judgment release as a covenant not to sue.
Section 768.041, Florida Statutes, which provides that a release or covenant not to sue as to one tortfeasor shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death, extends only to the full limits of causes of action in tort. Cf. Sun First National Bank of Melbourne v. Batchelor, 321 So.2d 73 (Fla. 1975). However, this is the outer limit of application of this statute. It does not extend in any way to releases involving joint and several obligors.
Furthermore, we find that Continental Can Co., Inc. v. Lee Co., Inc., 40 So.2d 783 (Fla. 1949), does not constitute precedent for receding from the common law. Therein, this court was confronted with the question of whether, when a husband and wife sign a written guaranty of account for purchases to be made by a third party corporation on open account, the resulting debt is a debt of the husband, for which the wife's separate property cannot be taken, except by an instrument in writing as required by Section 1, Article XI, Florida Constitution (1885). This court answered the question in the negative and determined that the contract of guaranty was executed long after the Married Woman's Emancipation Act took effect and that this act enabled the wife to execute the contract of guaranty by which she became liable for the debt of the corporation and not that of her husband. The excerpt therefrom, cited to us by petitioner for the proposition that release of one joint and several obligor does not release all, was merely obiter dicta and not in any way necessary to the disposition of that cause.
Accordingly, having determined that the District Court properly answered the certified question in the affirmative, the writ heretofore issued is hereby discharged.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and HATCHETT, JJ., concur.