370 So.2d 102 (1979)
BRUNSWICK CORPORATION, a Delaware Corporation, Appellant,
v.
CONCORDE YACHTS, INC., Formerly Known As Concorde Boats, Inc., a Florida Corporation, Daniel A. Murphy, Geraldine Murphy, Alexander Sharkey, Maureen Sharkey, Neville A. Chan, Hilda Chan, Loren Wilson, Nadine Wilson, International Maritime Developments, Inc., a Florida Corporation, Frances Burger, Claude Dorsy, Maureen Dorsy, Roger A. Bridges, Diana C. Bridges, George W. Treon and Marion E. Treon, Appellees.
No. 78-79.
District Court of Appeal of Florida, Fourth District.
May 2, 1979.
Harry S. Raleigh, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant.
Paul V. DeBianchi of Andrews & Lubbers, Fort Lauderdale, for appellees Murphys, Sharkeys, Wilsons and Treons.
GREEN, ROBERT ALEXIS, Jr., Associate Judge.
Appellant Brunswick, as holder, sued maker and sureties on a promissory note. Brunswick entered into a stipulation for dismissal "with prejudice," with certain of the defendant sureties but not others. The stipulation expressly reserved right of action by Brunswick against "remaining Defendants"  which included the maker and the remaining sureties  and recognized that "rights of contribution, if any, may continue to exist notwithstanding this agreement."[1]
*103 Upon motion, the trial court entered summary judgment or judgment on the pleadings for the remaining defendant sureties. Brunswick appeals.
We reverse. Appellees argued Penza v. Neckles, 344 So.2d 1282 (Fla. 1977), in support of their motions below and again in this court. The learned trial judge below apparently relied upon Penza in his ruling. That reliance was misplaced because:
(1) The subject stipulation was a covenant-not-to-sue with reservation of right of action against other parties to the suit. It was not a release, (see Martin v. Burney, 160 Fla. 183, 34 So.2d 36 (1948)) hence, Penza does not apply;
(2) Rights as between holders, makers and sureties of a promissory note qualifying as a negotiable instrument, relative to whether the discharge of one surety or more by the holder discharges all sureties are governed by statute. (See Sections 673.606; 673.102; 673.104 and 46.011, Florida Statutes (1975).)
The language of the stipulation was sufficient to preserve appellant's right of action against appellees pursuant to Section 673.606(1)(a) and (2), Florida Statutes (1975).
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] The stipulation provides as follows:

"4. As a result of the default of Defendant, Concorde Yachts, Inc., Defendants Claude Dorsy, Maureen Dorsy, Roger A. Bridges and Diana C. Bridges are indebted to the Plaintiff in the principal sum of $225,000.00 plus interest and late charges from May 1, 1974 through December 18, 1976 in the amount of $119,022.20, together with the cost of this action, and reasonable attorney's fees for the Plaintiff's attorneys.
5. Plaintiff and these Defendants, Claude Dorsy, Maureen Dorsy, Roger A. Bridges and Diana C. Bridges, hereby enter this Stipulation for settlement of the foregoing indebtedness and settlement of this cause as to these four Defendants only according to the following terms and conditions:
A. The Plaintiff, Brunswick Corporation, hereby acknowledges receipt of Cashier's checks in the sum of $49,000.00.
B. The Plaintiff will, upon receipt in its account of the funds in the amount of $49,000.00, enter its Notice of Voluntary Dismissal with Prejudice as against the Defendants, Claude Dorsy, Maureen Dorsy, Roger A. Bridges and Diana C. Bridges only.
6. The parties acknowledge that the settlement contemplated by this Stipulation runs only to the Defendants Claude Dorsy, Maureen Dorsy, Roger A. Bridges and Diana C. Bridges and the Plaintiff specifically reserves its right to pursue the remaining Defendants to this action. The parties recognize that rights of contribution, if any, may continue to exist notwithstanding this agreement."