375 So.2d 1144 (1979)
Russell NEWSOME, John E. Walsingham, Brown Finch, D.C. Finch, As Trustees of the Independent Baptist Church of Sunny Hill and Fortune Insurance Company, Appellants,
v.
Willie R. FINCH, d/b/a Samson Radio and Electric Company, and West Florida Natural Gas Company, and West Florida Gas and Fuel Company of Defuniak Springs, Appellees.
No. NN-363.
District Court of Appeal of Florida, First District.
October 12, 1979.
Rehearing Denied November 7, 1979.
Kenneth F. Hoffman of Rogers, Towers, Bailey, Jones & Gay, Tallahassee, for appellants.
Lynn C. Higby of Isler, Higby, Brown, Smoak & Watson, Panama City, for Willie R. Finch, etc.; and Stephen H. Kurvin of Sale, Bryant, Daniel, Thompson & Kurvin, Panama City, for West Florida Gas Co. and West Florida Gas and Fuel, appellees.
PER CURIAM.
Summary judgment was entered for appellees on their argument that a release given by appellant church (church) to appellant Insurance company (Fortune) barred Fortune's negligence action against them. Fortune argues this was error. We agree and reverse.
Fortune paid a fire-loss claim to the church and obtained a release. The release acknowledged receipt of payment in
"... final release and discharge of, all actions, claims and demands whatsoever *1145 that now exist, or may hereafter accrue against Fortune Insurance Company and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the consequences flowing therefrom ..."
Fortune then filed a tort action against the appellee alleging negligent installation of the heating and cooling system in the church which resulted in the fire. Appellee after answering, raised by motion for summary judgment the release, claiming that the release operated to bar suit against them for any negligence associated with the fire.
Florida law is clear that a release given to one joint tortfeasor stating that it releases all other firms, corporations, and individuals does release all joint tortfeasors. This is so despite the Uniform Contribution Among Joint Tortfeasors Act because the wording of the Act excludes releases which so state. Quarterman v. City of Jacksonville, 347 So.2d 1036 (Fla. 1st DCA 1977). It is also clear that the release of one joint obligor is the release of all other joint obligors, Penza v. Neckles, 344 So.2d 1282 (Fla. 1977). However, for such a release to relieve anyone other than the named person, there must first exist some jointly held underlying obligation from which the person claiming the benefit of the release may be relieved. The obligation should arise out of a unitary or related transaction such as a joint contract obligation, Penza, supra a joint judgment obligation, or a tort with more than one tortfeasor, Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). In the instant case, that joint underlying obligation does not exist.
Fortune had a contract obligation to the church which it fulfilled. Fortune was not a joint tortfeasor with appellees; Fortune and the appellees did not have any joint contractual obligation. Therefore, the law as to general releases does not apply.
We find no support for appellees' position that the release of Fortune on its contract obligation should release them from any potential tort liability. The obligations are separate and distinct; the facts creating the obligations and the law governing them are different and we decline to apply the concept of general releases to the factual situation herein.
Due to our ruling on appellants' first point we do not reach the procedural point raised.
REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.