**In re Howard A. LEVINE, Debtor.**

**DEEL RENT–A–CAR, INC., Plaintiff,**

**v.**

**Howard A. LEVINE and Herbert Freehling, as Trustee, Defendants.**

**Bankruptcy No. 80–00361–BKC–TCB.**
**Adv. No. 80–0111 BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Aug. 18, 1980.

See also, Bkrtcy., 6 B.R. 53.

Herbert Stettin, Miami, Fla., for debtor, defendant.

Andrew M. Chansen, Fort Lauderdale, Fla., for plaintiff.

A. Rodger Traynor, Jr., Miami, Fla., for Deel Rent-A-Car.

Herbert Freehling, Trustee.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff opposes debtor's discharge under 11 U.S.C. § 727(a)(2)(A) and, alternatively,

seeks a determination that its claim is nondischargeable under the provisions of § 523(a)(2)(B) and (6). (C. P. No. 15) Additionally, plaintiff objects to debtor's claim of exemption and seeks a declaratory judgment that its judgment lien is valid. Defendant has answered, denying all essential allegations, and seeks by counterclaim to avoid plaintiff's lien either under the provisions of § 522(f)(1) or under § 547. (C. P. No. 21) The matter was tried on July 10 and 31, 1980. This order incorporates my findings and conclusions as authorized by B.R. 752(a).

A threshold question affecting plaintiff's standing is whether plaintiff is still a creditor of the defendant. In July 1978, the debtor's business (a corporation) leased five specially equipped ambulances from the plaintiff for three years on a lease–purchase arrangement. The debtor, his business partner, and another corporation dominated by the partner, jointly and severally guaranteed the obligation. The debtor's business defaulted under the contract and plaintiff filed suit against the business as well as against all of the guarantors.

Plaintiff later dismissed the action as to debtor's partner and the partner's corporation when the partner's corporation agreed to buy the five ambulances. Debtor was not a party to that agreement. Plaintiff's action proceeded to judgment against the debtor for $154,668.

Debtor argues that the subsequent agreement between plaintiff and defendant's coguarantors constituted a novation of the original agreement and, therefore, a release. I disagree. Neither the debtor nor his business were parties to the subsequent agreement and there was no express nor implied agreement to extinguish the original debt which is essential to a novation. *Capital National Bank of Tampa v. Hutchinson*, 5 Cir. 1970, 435 F.2d 46, 51.

In Florida, the release of one joint contractual obligor releases all others. *Penza v. Neckles*, Fla.1977, 344 So.2d 1282, 1283. Here there was no release, unless plaintiff's dismissal of his action against two other parties, standing alone, constituted a release. It did not. *Brunswick Corporation v. Concorde Yachts, Inc.*, Fla.App.1979, 370 So.2d 102, 103. Plaintiff is, therefore, a creditor and has standing to maintain this action.

Discharge is opposed on the ground that the debtor intentionally concealed certain assets: a 1974 car, some radio equipment, a contingent interest in a trust, some jewelry, certain accounts receivable of a corporation in which debtor owns stock, and accounts receivable from debtor's law practice. § 727(a)(2)(A).

With respect to each of these items, I find no actual intent on the debtor's part to conceal his property from his creditors. This is an essential element under § 727(a)(2)(A). 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.02[3]; *Rice v. Matthews*, 5 Cir. 1965, 342 F.2d 301, 304. Plaintiff has failed to establish any basis for the denial of discharge.

Plaintiff also claims that its debt is non–dischargeable under § 523(a)(2)(B) because it relied on the debtor's false financial statement. It is agreed that a financing statement dated December 16, 1977 was presented by the debtor as part of the financial package submitted to the plaintiff in June, 1978, in connection with the lease transaction described above. Plaintiff claims that various items on the statement are materially false: personal property valued at $10,000, income from the practice of law valued at $65,000 and five bank accounts valued at $12,000. The debtor had a reasonable basis for the values ascribed to these items.

Plaintiff also argues that the listing of a "Levine Family Trust" valued at $200,000 is materially false because it fails to disclose that debtor's interest in the trust is contingent. I reject this contention because the written statement neither expressly nor impliedly represents present access by the debtor to those funds. No businessman has the right to assume that an asset in "trust" is liquid and immediately accessible. Any oral representation as to that asset would be non–actionable under § 523(a)(2)(B).

The financial statement also lists "$0" five times in five separate categories under "CONTINGENT LIABILITIES", including, "On leases or contracts $0". The representation, if true when the statement was signed in December, 1977, was not true when presented to the plaintiff six months later. In May, 1978, the debtor had personally guaranteed at least $174,000 of contractual obligations incurred by the debtor's business in transactions with two creditors, Motorola and Barnett Leasing.

This was a material misrepresentation. The debtor and his associate were seeking credit of $150,000. The debtor's statement showed net assets of $256,000 of which $200,000 was in the "family trust." Had he disclosed the contingent liability, he would have revealed himself to be a potential bankrupt.

The denial of any contingent liabilities was patently false. The debtor is an attorney who cannot plead that he does not know what a contingent liability is. The liability had been incurred just a month before he approached the plaintiff, and the liability was too large to have slipped his mind.

I find that the debtor obtained property and credit from the plaintiff by publishing a written financial statement respecting debtor's financial condition, which was materially false and that he did so with an actual intent to deceive the plaintiff. *Fidelity and Deposit Co. of Maryland v. Browder,* 5 Cir. 1961, 291 F.2d 34, 35; *In re Bebar,* E.D.N.Y.1970, 315 F.Supp. 841; 3 *Collier on Bankruptcy* (15th ed.) ¶ 523.09[2][a].

Debtor argues that plaintiff did not rely on this statement because it knew that the business had reached its limit with respect to credit extended by another creditor before it came to the plaintiff. I disagree. I am convinced that plaintiff reasonably placed at least partial reliance on the debtor's financial statement. *In re Bebar,* supra.

Plaintiff reasonably assumed that this statement presented by the debtor fairly reflected his current financial condition, even though it was dated six months earlier. That was the debtor's implied representation. This case must be distinguished from those cases in which a creditor receives a financial statement and months later extends credit. Cf. *In re B & R Glove Corporation,* 2 Cir. 1922, 279 F. 372, 379.

Plaintiff has met its burden and is entitled to a determination that its claim is non-dischargeable under the provisions of 11 U.S.C. § 523(a)(2)(B). That claim, in the principal sum of $154,668, has already been reduced to judgment.

Plaintiff's remaining basis to deny dischargeability is that debtor willfully and maliciously injured the plaintiff's property. The record before me does not link the debtor to any acts in support of such claim. A summary judgment entered in the state court against the debtor fixes compensatory damages but does not pass on any matter determinative of willful and malicious injury, nor was a sufficient record made in this proceeding to support any such finding here. 3 *Collier on Bankruptcy* (15th ed.) ¶ 523.16[2]. The claim under § 523(a)(6) is therefore, rejected.

By his counterclaim, the debtor seeks to avoid plaintiff's judgment lien against his condominium apartment as a preference under § 547. Plaintiff has responded that only the trustee has standing to avoid a preference under the provisions of § 547(b). The Code provides otherwise.

I find that all of the elements for a preference are present. The judicial lien was for the benefit of a creditor, for an antecedent debt, made while the debtor was insolvent, within ninety days before the filing of the petition.

I also find that the requirement of § 547(b)(5) has been met. Before the recording of its judgment, plaintiff was an unsecured creditor of the debtor. Any payment to a general unsecured creditor within ninety days preceding filing is preferential if that creditor would not receive the same payment in a chapter 7 liquidation. That is clearly the case here.

Debtor is, therefore, entitled to void plaintiff's lien as a preference under § 547(b).

The debtor's counterclaim also seeks to avoid the lien that has just been discussed, under § 522(f)(1). This section permits the avoidance of a judgment lien which impairs exempt property. During the trial, I rejected this contention, because the debtor did not become eligible to claim the exemption until after the judgment lien attached to his condominium property. I see no reason to recede from that ruling now. Florida law does not permit the exemption of property to which a judgment lien has attached before the property acquired homestead status. *First National Bank v. Peel,* 107 Fla. 413, 145 So. 177.

As is required by B.R. 921(a), a separate judgment will be entered denying the dischargeability of plaintiff's judgment claim under 11 U.S.C. § 523(a)(2)(B), and dismissing the complaint with prejudice in all other respects. As to the debtor's counterclaim. The judgment will also void the plaintiff's judicial lien of January 9, 1980, as a preference under 11 U.S.C. § 547(b). Each party will bear its own costs.