PER CURIAM.
The final judgment of the trial court entered pursuant to a jury verdict in favor of Citizens Federal Savings and Loan Association against an architect, Morris Lapidus, d/b/a Morris Lapidus Associates, challenged solely on the ground that Lapi-dus was entitled to a setoff against, or extinguishment of, the judgment against him, is affirmed upon a holding that (1) the trial court was correct in refusing to set off from the amount of the judgment the amount for which Citizens Federal released Lapidus’ two co-defendants (an engineer and contractor), where the jury was instructed to base its verdict upon the tor-tious acts and contractual breaches for which Lapidus alone was responsible,[1] the record suggests nothing to overcome the presumption that the court’s instructions were followed, see Putnam Lumber Co. v. Berry, 146 Fla. 595, 2 So.2d 133 (1941); Bell v. Baptist Memorial Hospital, Inc., 363 So.2d 28 (Fla. 1st DCA 1978); Leisure Group, Inc. v. Williams, 351 So.2d 374 (Fla. 2d DCA 1977); National Car Rental System, Inc. v. Holland, 269 So.2d 407 (Fla. 4th DCA 1972), and there was sufficient evidence to support the jury’s verdict; (2) the right of setoff set forth in Sections 768.041 and 768.31(5), Florida Statutes (1979), applies only where the co-defendant’s settlement is for the same tort or injury as the one committed or caused by the tortfeasor seeking setoff, Devlin v. McMannis, 231 So.2d 194 (Fla.1970), and where, as here, the record fairly reflects that the jury could apportion the damages for which Lapidus was solely responsible, setoff is not re *1059 quired, Insurance Company of North America v. Edmondson, 354 So.2d 887 (Fla. 1st DCA 1977); (3) to the extent that the jury’s verdict was in part or in whole an award of damages on account of a breach of contract,[2] a distinct cause of action brought against Lapidus only, Sections 768.041 and 768.31(5), Florida Statutes (1979), expressly restricted to torts, are inapplicable, see Penza v. Neckles, 344 So.2d 1282 (Fla.1977); cf. Devlin v. McMannis, supra (holding that a suit by the estate of a minor decedent and a suit by the minor’s parents for wrongful death were separate causes of action requiring separate setoffs); and (4) the liability of Lapidus for breach of contract was not extinguished under the common law rule that the release of a joint and several obligor releases all others, since the co-defendant contractor and engineer, whom Citizens Federal released, were not obligors on the contract between Lapidus and Citizens Federal, Newsome v. Finch, 375 So.2d 1144 (Fla. 1st DCA 1979); compare Penza v. Neckles, supra.
Affirmed.

. In pertinent part, the trial court’s instruction read:
“I instruct you that the Plaintiff, Citizens Federal Savings and Loan Association, is not entitled to recover from the Defendant, Morris Lapidus Associates, for the negligence, breach of contract or errors of the engineer, H. J. Ross and Associates, but is only entitled to recover for any breach of contract or negligence of the Defendant, Morris Lapidus Associates, with reference to its duties and responsibilities.” (T. 1321).
“I instruct you that Plaintiff, Citizens Federal Savings and Loan Association, is not entitled to recover from the Defendant, Morris Lapi-dus Associates, for the negligence, breach of contract, or errors of the contractor, M. R. Harrison Company, but is only entitled to recover for any breach of contract or negligence of the Defendant, Morris Lapidus Associates, with reference to its duties and responsibilities.” (T. 1321-1322).

. No special verdict or special interrogatories were requested by Lapidus. We may therefore sustain the verdict on the breach of contract theory even if it could not be sustained on the tort theory. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1978).