397 So.2d 928 (1981)
ALLSTATE INSURANCE CO., Babcock Co. Builders, Babcock Industries, Inc. and Babcock Co., Appellants,
v.
A. D. H., INC., Unigard Insurance Co., et al., Appellees.
No. 80-16.
District Court of Appeal of Florida, Third District.
March 17, 1981.
Rehearing Denied May 20, 1981.
*929 Adams & Ward and Robert C. Ward and James W. Kaufman and Steven Kent Hunter, Miami, for appellants.
Magill & Reid and Kevin P. O'Connor, Underwood, Gillis, Karcher, Reinert & Valle and Thomas R. Trompeter, Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The collapse of a scaffold causing the death of one Williams gave rise to a suit by his widow, resulting in a jury finding Babcock Industries, Inc. and A.D.H., Inc. negligent and assessing damages of $1,000,000.[1] Babcock and A.D.H. instituted appeals from the judgment entered on the verdict, but when Babcock[2] satisfied the judgment for $725,000, the appeals became moot and were dismissed.
Babcock then sued A.D.H. and Garber Construction Co. for indemnity. Babcock contended it was entitled to be indemnified upon the theory that Babcock was faultless in respect to Williams' death and that the liability imposed on it by the jury was vicarious (otherwise stated, constructive, derivative or technical), that is, exclusively predicated on the negligence of A.D.H. or Garber. A.D.H. and Garber asserted the defense of estoppel by judgment: (1) under Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1978), only a party shown to be totally without fault has a right of indemnification; (2) the jury's undifferentiated general verdict finding Babcock "negligent" could mean that it found some fault in Babcock; and (3) therefore, Babcock has no right to indemnification. Accepting this analysis, the trial court entered summary judgment for A.D.H. and Garber. Babcock appealed. We reverse.
It is well settled that a party asserting the defense of estoppel by judgment has the burden of proving that the fact which it contends cannot be relitigated has been previously determined. Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972); Corn v. Hoffman, 230 So.2d 188 (Fla. 4th DCA 1970); Wacaster v. Wacaster, 220 So.2d 914 (Fla. 4th DCA 1969); Hohweiler v. Hohweiler, 167 So.2d 73 (Fla. 2d DCA 1967); Stone v. Stone, 111 So.2d 486 (Fla. 3d DCA 1959).
It is true, as A.D.H. contends, that Babcock cannot show from the jury's general verdict of negligence that Babcock was found to be faultless.[3] But it is not up to *930 Babcock, to show that it is not estopped by the jury's verdict; rather, it is up to A.D.H., the party asserting this defense and seeking a summary judgment thereon, to show conclusively that the jury found Babcock at fault.[4] That showing is simply not made by the jury's general verdict of "negligence."[5]
This case is not unlike Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., supra. There the railroad contracted with Industrial to build a bridge; Industrial agreed to indemnify the railroad for any injuries to railroad employees at the construction site caused by the negligent acts or omissions of Industrial or through any other than the sole negligence of the railroad or its employees. A railroad employee was injured and the railroad paid him $10,000. The employee, guided and financed by the railroad, sued Industrial, with the railroad to be repaid its $10,000 from any recovery. Industrial defended on the basis, inter alia, that it was not negligent, but, if it was, the railroad's employee was contributorily negligent. The jury returned a general verdict "in favor of the defendant, Industrial Contracting Company, Inc." Subsequently, the railroad, asserting that Industrial was negligent, sued Industrial to indemnify it under their contract for the $10,000 paid to the employee. Industrial moved for summary judgment, contending that Industrial's absence of negligence had been determined in the employee's prior suit against Industrial.[6] The Fourth District Court of Appeal, holding that Industrial's absence of negligence had *931 not been clearly determined so as to entitle Industrial to summary judgment on its estoppel by judgment defense, said:
"The former cause found `in favor of the defendant Industrial Contracting Company, Inc.'. Such a finding could have been premised upon the jury believing that Industrial was not negligent or that Industrial was negligent but that [the employee] was guilty of contributory negligence. Absent a special verdict on the issue of negligence or contributory negligence it is impossible to ascertain with any reasonable degree of certainty as to what issue was adjudicated in the former suit except to say that the jury found in favor of Industrial. Such uncertainty as to the effect of the prior adjudication renders the doctrine of collateral estoppel inapplicable to the case sub judice. [citations omitted]." 260 So.2d at 865.
Even as Industrial's absence of negligence had not been clearly determined by the verdict relied on in Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., so the fault of Babcock was not determined by the equivocal jury verdict relied on by A.D.H. in the present case.
We therefore set aside the summary judgment and order taxing costs entered against the plaintiffs and remand the cause for further proceedings consistent with this opinion.
NOTES
[1] Babcock was the owner and general contractor of the project under construction; A.D.H. was the carpentry subcontractor; Garber was the masonry contractor. Garber was not sued by Williams' widow, nor joined as a third-party defendant by Babcock. Garber admittedly had notice of the original litigation, but did not appear and defend. The judgment against Babcock and A.D.H., absent fraud or collusion, is conclusive against Garber as to all material questions determined. Atlantic Coast Development v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980); MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973).
[2] Allstate Insurance Company, Babcock's insurer, satisfied the judgment on Babcock's behalf. By this payment, Allstate became subrogated to Babcock's indemnity rights. References to Babcock, A.D.H. and Garber in this opinion are intended to include their respective insurers.
[3] Although this case was tried before Houdaille established the fault-no fault standard for indemnity, the active-passive standard was already well entrenched, see, e.g., General Motors Corporation v. County of Dade, 272 So.2d 192 (Fla. 3d DCA 1973). Under the standard extant at time of trial, an active tortfeasor was not entitled to indemnity. Had either of the parties requested a special verdict, the issue before us might be resolvable by reference to the verdict alone. Babcock's failure to request a special verdict deprived it of being able to show from the verdict that the jury found it to be vicariously liable only; A.D.H.'s same failure deprived it of being able to show from the verdict that the jury found Babcock to be at fault. The absence of a special verdict means simply that we cannot determine from the verdict whether the jury found Babcock at fault or liable by virtue of another's fault. This is not a situation where we are called upon to sustain a general verdict rendered on one of two or more theories. Were Babcock appealing from the jury's general verdict of negligence, and asserting that there was insufficient evidence to show it to be with fault, we could sustain the verdict, if supportable, on a theory of vicarious negligence. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978); Lapidus v. Citizens Federal Savings & Loan Association, 389 So.2d 1057 (Fla. 3d DCA 1980).
[4] While A.D.H.'s burden to establish the defense of estoppel by judgment is to show Babcock was previously found at fault, we make clear that in order to prevail in the indemnity action, it is Babcock's burden to prove it was faultless. Houdaille Industries, Inc. v. Edwards, supra.
[5] The complaint brought by Williams' widow against Babcock, A.D.H., et al. and the final judgment rendered on the verdict were the only essential parts of the record of that case which were relied upon in support of A.D.H.'s claim that Babcock was estopped by the previous verdict and judgment against it. These documents are totally inadequate to show what was litigated and decided in the first action. It may be that a complete record of the first trial will not aid in resolving the issue of whether the jury found Babcock with fault or faultless. If the jury were instructed that it could only find Babcock liable if guilty of "active negligence," then the jury verdict means it found Babcock to be at fault, and Babcock would be collaterally estopped on its claim for indemnity. If the jury were instructed that it could only find Babcock liable if it found A.D.H. or Garber negligent, then the jury verdict means that it found Babcock without fault, and Babcock would be entitled to be indemnified. If the jury was given both instructions, then its finding of negligence remains equivocal. We further point out that since Babcock and A.D.H. abandoned their appeals from the judgment rendered against them, neither can now complain that the jury in the first trial was wrongfully instructed or that the evidence was insufficient to sustain any specific jury finding compelled by the instructions. Cf. Seaboard Coast Line Railroad Company v. Cox, 338 So.2d 190 (Fla. 1976) (holding that a surviving minor child who had previously litigated the railroad's liability for the wrongful death of one parent could not collaterally attack that result, even if incorrect, in a suit for the wrongful death of the other parent killed in the same accident).
[6] Industrial contended this determination was res judicata or estoppel by judgment. Since the initial suit against Industrial was for its negligence, and the subsequent suit was based on the indemnity contract, the court found res judicata inapplicable. But since it was contended that the same issue was litigated in both, estoppel by judgment applied if the issue was clearly adjudicated in the first case.