In re A. David **LAUDANI**, Debtor.

James P. **WHEELER** and Sheila N. Wheeler, Plaintiffs,

v.

A. David **LAUDANI**, Defendant.

E. Joseph **ZACCARDECI**, Plaintiff,

v.

A. David **LAUDANI**, Defendant.

Bankruptcy No. 83–00888–G.

Adv. Nos. 83–1536–G, 83–1642.

United States Bankruptcy Court, E.D. Michigan, S.D.

April 11, 1984.

William W. Swor, Rock & Sherbow, Detroit, Mich., for plaintiff, E. Joseph Zaccardeci.

Richard Durant, Durant & Durant, Detroit, Mich., for plaintiffs, James P. Wheeler and Sheila N. Wheeler.

Kevin F. Carr, Goldstein, Goldstein & Bershad, Southfield, Mich., for debtor, A. David Laudani.

RAY REYNOLDS GRAVES, Bankruptcy Judge.

## STATEMENT OF FACTS

On February 21, 1984, A. David Laudani, Debtor filed a Chapter 7 bankruptcy petition listing among his creditors James P. Wheeler and Sheila Wheeler. Debtor listed the Wheelers as creditors having an unsecured claim without priority, for an unknown amount which was claimed to be "disputed, unliquidated and a contingent liability" (pending lawsuit). The creditors claim arises from a Wayne County Court libel action filed by creditors against the Debtor on May 4, 1980. The complaint charged the Debtor with the intentional dissemination of libelous material with malicious intent to harm the creditors, conspiring to hide Debtors involvement in the publication and dissemination of the libel and the knowledge of the falsity of the libel. The suit was based on the publication of a document entitled: "Election Alert" written and distributed by the Debtor. The document accused creditor of criminal activity and misuse of municipal funds, among other charges.

The suit was tried before a jury on February 16, 1983. The jury instructions, in pertinent part provided:

It is the theory of the Plaintiffs that Mr. Laudani, in order to harm and defeat those who had investigated his actions as municipal judge and who had supported Judge LaRose, did the following:

a. He wrote the Election Alert, *deliberately* writing it in such a way as to do the maximum injury to the reputations of the Wheelers.

b. He wrote information which, by its detail and thus apparent authenticity, would do lasting damage.

c. He wrote the entire Election Alert in such a way as to give the appearance of being factual, not just opinion.

d. He distributed it *deliberately* at the last possible moment before the election, so that there would be not time to do the research necessary to rebut the allegations.

e. He distributed it *deliberately* all over the city of Harper Woods.

f. He *knew* when he wrote it that some of the items were definitely not true. He *knew* that others were only half-truths. And about still others he either had substantial doubts as to the truthfulness, or he wrote in reckless disregard as to whether the items were true or not. [Emphasis Added]

The jury returned a verdict in favor of creditor on the claim of intentional libel in the amount of $349,000. The order of judgment stated in pertinent part:

IT IS HEREBY ORDERED that a directed verdict at the close of plaintiffs' case-in-chief is granted as to the following:

(1) The claim of Plaintiffs James P. Wheeler and Sheila N. Wheeler for *slander* against Defendant A. David Laudani.

IT IS FURTHER ORDERED that the *jury verdict* of $300,000 in favor of Plaintiff James P. Wheeler against Defendant A. David Laudani be, and the same hereby is, *entered.*

IT IS FURTHER ORDERED that the jury verdict of $49,000 in favor of Plaintiff Sheila N. Wheeler against Defendant A. David Laudani severally be, and the same hereby is entered.

Creditors now move for a partial summary judgment on the dischargeability of the debt. The issue presented in this adversary proceeding is whether a state court judgment reciting the claim of libel and relying on a jury verdict is a sufficient basis for this Court to except a debt from discharge as a willful and malicious injury under 11 U.S.C.A. § 523(a)(6).

In *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904) the Supreme Court defined willful and malicious injuries as resulting from acts done intentionally and without justification or excuse. Though *Tinker* was straightforward in its language some courts mistakenly interpreted the decision to include the broader standard of "reckless disregard." Accordingly, when Congress revised the Bankruptcy Act it also delineated the scope of the *Tinker* decision. The House Report states:

"[W]illful" means deliberate or intentional to the extent that *Tinker v. Colewell* [sic] held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard they are overruled.

S.Rep. No. 95–989, 95th Cong., 2nd Sess. 79 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320.

Although debate exists whether Congress clarified or confused the meaning of *Tinker,*[1] the prevailing view of willful and malicious is drawn from Collier on Bankruptcy and incorporates the language of *Tinker. Spilman v. Harley,* 656 F.2d 224 (6th 1981); *In re Ertz,* 28 B.R. 1020 (Dist. Ct.D.S.D.1983); *In re Greer,* 21 B.R. 763 (Bkrtcy.D.Ariz.1982); *In re Lewis,* 17 B.R.

---

1. *In re LaCasse,* 28 B.R. 214 (Bkrtcy.D.Minn. 1983), *In re Bullis,* 27 B.R. 517 (Bkrtcy.E.D.Wis. 1983).

341 (Bkrtcy.S.D.Ohio, W.D.1982); *In re Cooper,* 17 B.R. 733 (Bkrtcy.D.M.E.1982); *In re Levine,* 6 B.R. 54 (Bkrtcy.S.D.Fla. 1980).

[T]he word "willful" means a deliberate and intentional act which necessarily leads to injury. Therefore a wrongful act done intentionally which necessarily produces a harm and is without just cause or excuse, may constitute a willful and malicious injury.

3 Collier on Bankruptcy, 15th Ed. § 523.16.

■ Libel is a species of defamation, an intentional tort and historically presumed to embody willful and malicious as its essential elements. *Thompson v. Judy,* 169 F. 553 (6th Cir.1909); *In re Dowie,* 202 F. 816 (S.D.N.Y.1912). In Michigan when a publication charges criminal or disreputable conduct, it is libelous *per se* and malice is presumed. In the case under consideration malice has been established; a jury has found the defendant to have acted deliberately in bad faith, and with knowledge of the falsity of the statements. *Peisner v. Detroit Free Press,* 104 Mich.App. 59, 304 N.W.2d 814 (1981); *Wynn v. Cole,* 91 Mich. App. 517, 284 N.W.2d 144 (1979); *Rice v. Winkelman Bros., Inc.,* 13 Mich.App. 281, 164 N.W.2d 417 (1968). Where the record of the trial court reveals that the injuries sustained resulted from those actions the judgment debt, consistent with *Thompson* and *Dowie, supra,* is nondischargeable.

■ Notwithstanding the findings of the trial court Debtor argues that *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) compels this Court to go behind the trial court and determine dischargeability issues de novo. The Court in *Brown* held that Congress intended to commit § 17 issues to the exclusive jurisdiction of the bankruptcy court and to give *res judicata* effect to a state court judgment would undercut the intent of Congress. Embodied in the grant of exclusive jurisdiction to this Court is the discretionary power to determine when it will be exercised. The findings necessary for a cause of action under state law and the underlying consideration for discharge in bankruptcy

may differ. *In re Rainey,* 1 B.R. 569 (Bkrtcy.D.O.R.1979). Where the trial court judgment omits the essential elements of the claim causing us to question the standards used therein, this Court has exercised its power and gone behind the judgment to determine the dischargeability of the debt. *Common. of Mass. v. Hale,* 618 F.2d 147 (1980); *In re Lewis,* 17 B.R. 341 (Bkrtcy.S.D.Ohio W.D.1982); *In re Cooney,* 8 B.R. 96 (Bkrtcy.W.D.K.Y.1980); *In re Levine,* 6 B.R. 54 (Bkrtcy.S.D.Fla.1980).

■ The judgment presented in this adversary proceeding is sufficiently reliable to serve as a basis for a determination of discharge. *In re Cooney,* at 100. The complaint alleged debtors intentional dissemination of libelous material with knowledge of the falsity of the libel. The jury instructions sets forth the essential elements to be considered: that the debtor deliberately wrote and distributed the document in the city of Harper Woods in a manner to maximize the injury to the reputation of the creditors. Further, the instructions required consideration of the debtors knowledge of the falsity of the contents of the document. Finally, the order of judgment recites the claim against debtor as slander and is issued pursuant to the jury verdict. When the pleading sets forth the basis of the claim as libel and a jury has determined the act to have been intentional and deliberate the injury is squarely within § 523(a)(6). Furthermore, when the order of judgment recites as its basis the jury verdict against the defendant the debt is clearly nondischargeable.

■ Additionally, while this decision does not rest on the doctrine of collateral estoppel, under its application to the facts presented here, debtor would be barred from relitigating the willful and malicious nature of the debt. Collateral estoppel treats as final only those questions actually and necessarily determined in a prior suit. If a state court should determine the factual issues using standards identical to those in dischargeability proceedings, the collateral estoppel—if held to be applicable and in the absence of a countervailing statutory

**636**

policy—would bar relitigation of those issues. *Brown, supra,* at 139 n. 10, 99 S.Ct. at 2213 n. 10.

 Application of collateral estoppel requires the bankruptcy court to examine the full record of the trial court proceedings and determine "that the precise issue in the later proceedings have been raised in the prior proceedings, that the issue was actually litigated, and the determination was necessary to the outcome" *Spilman v. Harley,* 656 F.2d 224 at 228. We find the facts presented here are consistent with the *Spilman* test.

Rule 56(c), the summary judgment rule of the Federal Rules of Civil Procedure, applies to adversary proceeding thru Bankruptcy Rule 756. Summary judgment should be entered only when the pleadings, deposition, affidavits, and admission filed in the case "show that [except as to damages] there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, Rule 56(c), Fed.Rules Civ.Proc. 28 U.S.C.A. This rule authorizes summary judgment only where the moving party is entitled to a judgment as a matter law, where it is clear what the truth is ..." *Poller v. Columbia Broadcasting Co., Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) at 467, 82 S.Ct. at 488.

Creditors motion for partial summary judgment is premised on the trial court proceedings embracing the same characteristics of willful and malicious required under § 523(a)(6). We conclude that it does. Review of the trial court proceedings reveals no disparity in the standard used by the trial court and the standard required by § 523(a)(6) such that there is no genuine issue of material fact. The motion should be, and herein, is GRANTED.