DELL, Judge.
Appellant supplied materials which ap-pellee used in the construction of a building for Sunshine Meadows, Inc. (Sunshine). Appellee failed to pay for the materials and appellant sued for breach of contract. The trial court entered summary judgment in favor of appellant for the full amount of the unpaid debt plus interest, costs and attorney’s fees.
Appellant also perfected a mechanic’s lien against Sunshine’s property for the materials supplied. Sunshine declared bankruptcy, and appellant filed its Proof of Claim in Sunshine’s bankruptcy proceeding. Pursuant to a plan of reorganization, appellant elected to take 42% of the value of its lien and received $30,487.62 from Sunshine. Appellant executed a release and satisfaction of lien against Sunshine’s real property which declared the lien fully satisfied.
Thereafter appellee moved for an order of satisfaction of judgment, on the theory that appellant’s release of Sunshine from liability on the mechanic’s lien operated to release appellee from its judgment debt.
*1327 The court granted the motion and entered an order of satisfaction of judgment.
Appellant contends that the release of property from a mechanic’s lien for materials which were furnished pursuant to a contract with a general contractor does not automatically discharge the contractor from a judgment debt resulting from the contractor’s failure to pay. We agree.
We held in Tropical Supply Co. v. Verchio, 402 So.2d 1284 (Fla. 4th DCA 1981):
The mechanic’s lien law does not purport to change, except in a very limited way, the rights and duties arising out of a sale or a contract to pay money. That law does provide a security device in the form of a mechanic’s lien to secure the payment of sums otherwise due and owing. It further isolates a source of funds for such payment, the balance due under the contract, where improper payments as defined in Section 713.06 have been made. It does not and never was intended to affect the debt itself.
Id. at 1286.
Appellee vigorously argues, as it argued below, that release of one joint obligor releases all. This argument presupposes that appellee and Sunshine stood in the relationship of joint obligors, a supposition for which no record support exists. Joint obligors are those who share an obligation arising out of a unitary or related transaction such as a joint contract obligation, a joint judgment obligation, or a tort with more than one tortfeasor. Newsome v. Finch, 375 So.2d 1144 (Fla. 1st DCA 1979). Appellee presented no evidence that Sunshine had undertaken any obligation on the contract for materials, nor is Sunshine a joint judgment debtor — it has never been a party to the action sub judice.
Accordingly, we reverse and remand with directions to vacate the satisfaction of judgment.
REVERSED and REMANDED.
ANSTEAD, C.J., and GEIGER, DWIGHT L., Associate Judge, concur.