GERSTEN, Judge.
This is a non-final appeal from a post-judgment order denying satisfaction of a judgment where appellee had previously released two co-obligors. We affirm.
Appellants contend that, as a matter of law, a satisfaction or release of one jointly and severally liable judgment debtor acts as a satisfaction or release as to all liable judgment debtors. Appellee, Megabank, asserts that the common law doctrine — that the release of one joint and several obligor releases all others — is no longer the law in Florida.
In January 1988, Megabank filed suit for breach of contract for nonpayment of a note with attendant guarantees. Thereafter, Megabank entered into a stipulation of settlement with the Timoners (two of the several makers of the note). The trial court entered judgment against the Timon-ers, and, entered a separate final judgment against appellants with the following provision:
That any monies received by the Plaintiff, MEGABANK, in satisfaction of the Judgment previously entered in this action against ELI TIMONER and ELISSA TIMONER, shall reduce the amount due to MEGABANK under this Judgment.
About one month later, the trial court granted a joint motion to vacate judgment against the ‘Timoners. Appellants then filed their motion for an order to require Megabank to satisfy the judgment against appellants. The trial court denied the appellants’ motion supplying the impetus of this appeal.
Appellants, while acknowledging the existence of section 46.015, Florida Statutes (1987), and Stephen Bodzo Realty, Inc. v. Willits International Corporation, 428 So.2d 225 (Fla.1983), advance and advocate the argument that section 46.015, Florida Statutes, and Bodzo address pre-trial matters only. This creative theory merits discussion.
In Penza v. Neckles, 344 So.2d 1282 (Fla.1977), the Florida Supreme Court ruled that a post-judgment written release of one joint and several obligor released all other joint and several obligors on the same obligation even though the release expressly stated that it was not the intention of the obligee to release the other joint and several obligors. In so ruling, the court indicated that it continued to adhere to the common law rule that a release of one joint and several obligor releases all others. In 1983, however, the Florida Supreme Court expressly receded from Penza in the case *208 of Stephen Bodzo Realty, Inc. v. Willits International Corporation, 428 So.2d at 227.
In Bodzo, the petitioner brought suit against two corporations and their presidents, as joint and several obligors on a contract. Petitioner settled with two of the obligors subject to their cooperation in petitioner’s suit against the remaining obligors. The remaining obligors asserted as a defense to petitioner’s action that the settlement agreement released them from any liability. The supreme court ruled in favor of petitioner, and in doing so specifically abrogated the common law rule observed in Penza, 344 So.2d at 1283. The court explained the basis for its ruling as follows:
To allow these respondents to escape this obligation by relying on a document executed by others who had no intention of releasing them is the epitome of manifest injustice. This Court has never hesitated to revisit the common law when it becomes an anachronism and ceases to serve the cause of justice, [citations omitted]. “[F]or us to blindly adhere to an erroneous rule, merely because it has been declared in recent earlier decision, tends to enshrine and perpetrate the dead error of yesterday....” Therrell v. Reilly, 111 Fla. 805, 809, 151 So. 305, 306 (1932). Recent reconsideration of Penza has convinced this Court of the necessity in the instant case for correcting the “dead error” of that decision and to remedy an obvious injustice.
Stephen Bodzo Realty, Inc. v. Willits International Corporation, 428 So.2d at 227.
Although Bodzo involved the common law rule as applied to a pre-trial release, the supreme court clearly intended its holding to apply to post-trial releases as shown by the court’s express receding from Pen-za, which involved a post-trial release.
Further, the Florida Legislature expressed its dissatisfaction with this common law rule by enacting section 46.015(1), Florida Statutes, which provides, “[a] written covenant not to sue or release of a person who is or may be jointly and severally liable with other persons for a claim shall not release or discharge the liability of any other person who may be liable for the balance of such claim.”
The Florida Supreme Court focused on the common law rule in Bodzo and corrected its “dead error” of adherence to that rule. We find that section 46.015(1), Florida Statutes, and Bodzo have done away with the distinction between pre-trial and post-trial releases and affirm the order appealed.