220 So.2d 914 (1969)
Byron Eugene WACASTER, Appellant,
v.
Patricia Ann WACASTER, Appellee.
No. 2219.
District Court of Appeal of Florida. Fourth District.
March 13, 1969.
Rehearing Denied April 22, 1969.
*915 Hal H. McCaghren, West Palm Beach, for appellant.
Frederick E. Hollingsworth, West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Byron Eugene Wacaster, appeals an order entered in favor of the appellee-plaintiff, Patricia Ann Wacaster, on a petition for modification of a final decree relating to custody and support of children. We affirm.
The petition filed on behalf of plaintiff sought custody of a minor child of the parties previously awarded to the defendant by a final decree in a divorce proceeding, and in addition thereto support money therefor, as well as support money for a child born subsequent to the entry of the final decree. The petition for modification set forth as changed circumstances neglect of medical care and sexual molestation.
The defendant also by petition sought modification of plaintiff's visitation rights on grounds that plaintiff had sexually molested the child.
The trial court placed the child in the custody of the maternal grandparents, and ordered the defendant to pay $25 per week, $15 of which was for the support of the child previously awarded to the defendant, and $10 for support of the child born subsequent to the final decree.
On appeal the defendant questions the award of support money for the child born subsequent to the entry of the final decree, contending paternity and support therefor had been made an issue in the original divorce proceeding and is now res judicata.
Res judicata is a term which has been given a good many different meanings. Current usage apparently gives it a broad meaning which covers all the various ways in which a judgment in one action will have a binding effect in another. This includes the effect of the former judgment as a bar or merger where the latter action proceeds on all or part of the very claim which was the subject of the former. It also includes what has come to be known as "collateral estoppel", the effect of a former judgment in a later action based upon a different claim or demand.
The most famous formulation of the distinction was made by Justice Field in Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195:
"In the former case the judgment if rendered on the merits constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand but as to any other admissible matter which might have been offered for that purpose. * * * Such demand or claim having passed into judgment cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever.
"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered."
The term "merger" is used to describe the effect of a judgment in the plaintiff's favor. Restatement of Judgments § 45(a), comment a. The term "bar" is used to describe the effect of a judgment on the merits for the defendant. Restatement of Judgments § 45(b), comment b. The concepts of bar and merger are sometimes referred to as the rule against splitting a single cause of action.
*916 The term "collateral estoppel" is used to describe the effect of a judgment as described in the second paragraph quoted above from Cromwell. Thus, it can be seen that the effect of a former judgment is a great deal broader in the second action upon the same claim, demand or cause of action.
Where the actions are upon different claims, the former operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict is rendered. Cromwell v. County of Sac, supra. It does not preclude inquiries into matters which might have been but actually were not put in issue and determined in the former action. Where collateral estoppel is involved between the same parties as to those of the original suit, the one who claims its benefits must show that every fact or point now in issue was in the former action litigated by the parties, determined by the tribunal and necessarily so determined. Indeed, it is this determination by the tribunal which binds the parties if all other conditions of collateral estoppel are met.
In the instant case, there can be no doubt that the second action (i.e., the proceedings for modification of provisions of the divorce judgment dealing with support for the later born child) was not the same claim, demand or cause of action as initiated in the first proceeding. Thus in the case sub judice, the concepts of bar and merger as used in the term res judicata would not be applicable. However, the concept of "collateral estoppel" would be applicable since the action between the two parties herein terminated in a valid divorce judgment and that divorce judgment could have an effect in the action for proceedings for modification of the provisions of the divorce judgment providing all the conditions of collateral estoppel alluded to above have been met.
The pleadings in the instant case show that the paternity of the second child was placed in issue in the original action for divorce. It was litigated by the parties, the plaintiff, Patricia Ann Wacaster, asserting that she was pregnant at the time of seeking the divorce. The defendant, Byron Eugene Wacaster, denied the pregnancy in his answer to plaintiff's complaint. For reasons not disclosed by the record, this issue was not passed upon by the court. Since this issue was not determined by the tribunal, a necessary condition of collateral estoppel has not been met. The court granted defendant a divorce on his counterclaim on the ground of extreme cruelty, dismissed plaintiff's complaint and awarded custody of the first child to the defendant. Plaintiff's original complaint contained no prayer for custody or support of the unborn child, and the final decree is silent as to custody and support of the unborn child. The allegations in defendant's counterclaim, in essence, asserted the unfitness of the plaintiff to maintain her marriage, basically because of personal habits of uncleanliness both to herself and in the manner of her housekeeping. The findings of the trial court i.e., that the defendant has sustained the allegations of his counterclaim for divorce would not be conclusive upon the issue as to the legitimacy of the later born child and this child's right to support. Sturdy v. Sturdy, 1966, 67 Ill. App.2d 469, 214 N.E.2d 607.
Appellant further questions the propriety of the trial court's modifying the final decree changing custody of the first child, asserting in essence that there was an absence of competent evidence establishing a change in circumstances. The gist of defendant's assertion can be summed up in the question of whether the evidence supports the order of the chancellor. The record is replete with questions of fact as to whether the first child had been molested in any manner, as well as conflicting testimony of the doctors who were witnesses for both the plaintiff and the defendant. The trial court apparently based its judgment, at least in part as stipulated *917 and agreed to by counsel for the respective parties, on the confidential report made pursuant to an investigation by a counselor of the juvenile and domestic relations court. This confidential report has not been brought up in the record on appeal. Since the questions presented here are mainly questions of fact which the chancellor resolved in favor of the plaintiff, this court will not now substitute its judgment for that of the trial court especially where this court does not have the benefit of the investigation report which was before the trial court. Johnson v. Town of Eatonville, Fla.App. 1967, 203 So.2d 664.
Affirmed.
McCAIN and OWEN, JJ., concur.