260 So.2d 860 (1972)
SEABOARD COAST LINE RAILROAD COMPANY, a Railroad Corporation, Appellant,
v.
INDUSTRIAL CONTRACTING COMPANY, Inc., a Foreign Corporation, Appellee.
No. 71-16.
District Court of Appeal of Florida, Fourth District.
March 9, 1972.
Rehearing Denied May 8, 1972.
*861 Reginald Williams, DeBlois Milledge, Jr., and Roy S. Wood, Jr., of Dixon, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.
Charles Desmond Crowley, Fort Lauderdale, for appellee.
MAGER, Judge.
Seaboard Coast Line Railroad Company (SCL) was the plaintiff below and Industrial Contracting Company, Inc. was the defendant. SCL had a contract with Industrial for the latter to build a railroad bridge. Under the terms of their contract Industrial assumed certain liability as follows:
"Article 14  CONTRACTOR'S LIABILITY: Contractor assumes all responsibility and liability for, and will indemnify Railroad against, all loss and expense *862 which Railroad may suffer or sustain resulting from or incident to:
(a) Injury of and damage to persons and property wheresoever occurring, directly or indirectly caused or contributed to by the acts, negligence or omission of Contractor, his agents, servants or employees;
(b) Injury and damage resulting from any cause whatsoever (other than the sole negligence of Railroad, its agents, servants or employees) occurring to any person while on or near property under the control of Railroad, or the work herein contemplated, engaged in, or on or near said property or work in connection directly or indirectly with said work;"
One Hartley, an employee of SCL, was injured on the job site which was under the exclusive control of Industrial. SCL paid Hartley $10,000.00 in settlement of the injuries he received as a result of the accident.
Subsequently Hartley filed a tort action against Industrial claiming his injuries were as a result of Industrial's negligence. Industrial answered by denying the allegations and raising the following affirmative defenses: that Industrial was not negligent; that Hartley was solely negligent; that Hartley was guilty of contributory negligence; and that Hartley had assumed the risk. The record in the case sub judice reflects SCL, while not a party of record to Hartley's suit, chose the law firm for Hartley's suit, paid the pretrial costs, paid Industrial the amount of the final cost judgment and would have received out of any money recovered by Hartley the $10,000.00 previously paid to Hartley.
Hartley's suit against Industrial was heard by a jury which returned the following verdict in favor of the defendant: "We, the jury, find our verdict in favor of the defendant, Industrial Contracting Company, Inc.". A final judgment for Industrial was entered pursuant thereto.
Subsequent to that suit, SCL filed a complaint against Industrial seeking indemnification by reason of the existence of the aforementioned contract between the two parties alleging that Hartley's injuries were the result of the negligence of the employees of Industrial and asserting that it paid Hartley $10,000.00 as a result of his claim for injuries.
The trial court entered a summary judgment for Industrial holding that the second suit was barred under the doctrine of res judicata. Although the trial court has very clearly and ably set forth the justification for its conclusion, our review of the applicable law as applied to the facts of this case compels us to a reach a contrary conclusion.
To bring the doctrine of res judicata into valid play there must be: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the person for or against whom the claim is made. If these conditions do not concur, the doctrine of res judicata is not applicable. Matthews v. Matthews, Fla.App. 1961, 133 So.2d 91, at p. 94. The effect of res judicata is that the judgment constitutes an absolute bar to a subsequent action.
"`... It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand but as to any other admissible matter which might have been offered for that purpose. * * * Such demand or claim having passed into judgment cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever.'" Wacaster v. Wacaster, Fla.App. 1969, 220 So.2d 914, at 915.[1] (Emphasis added.)
It is important to observe that there is a distinction between res judicata and *863 estoppel by judgment sometimes referred to as "collateral estoppel". In Gordon v. Gordon, Fla. 1952, 59 So.2d 40, at p. 44, it is stated:
"A great many courts and text book writers treat `res adjudicata' and `estoppel by judgment' as synonymous. The most erudite legal minds appear to have difficulty in stating the difference which they consider exists between them. We find no occasion to discuss the slight difference which some authors limn between the terms `estoppel by judgment', `estoppel by verdict' or `conclusiveness of verdict.' These expressions are ofttimes used interchangeably. Although dissertations have come to our attention in which the doctrine of res adjudicata is considered as a sub-division or branch of the law of estoppel, strictly and technically speaking, such treatment is not proper. The former is founded upon the sound proposition that there should be an end to litigation and that in the interest of the State every justiciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation. On the other hand, estoppel rests upon equitable principles. 50 C.J.S., Judgments, § 593. Even so, the ultimate purpose of estoppel by judgment is to bring litigation to an end. The difference which we consider exists between res judicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation." (Emphasis ours.)
This distinction becomes significant if we determine that res judicata is not applicable because of the absence of any one of those four essential factors hereinabove set forth.
Although on the face of the two suits (Hartley v. Industrial and SCL v. Industrial) the parties do not appear to be the same, there is ample evidence in the record to support the trial court's determination that SCL was acting in privity with Hartley in the first suit so as to satisfy the "identity of the persons and parties to the action" factor. The term "parties" has frequently been given a much broader coverage than merely embracing parties to the record of an action:
"Accordingly, within the broader concept of `parties,' as used in connection with the doctrine of res judicata or conclusiveness of judgments, fall not only persons actually parties to the record of the action, or privies of such parties, but also persons who, though not nominal parties to the action, have control of its prosecution or defense in furtherance of an interest of their own, and enjoy, because of factual circumstances, all the rights of an actual party, such as the right to introduce, examine, and cross-examine witnesses, to prosecute an appeal from the decision of the court, etc.
"Under this broad view it has become pretty firmly established, with certain conditions or qualifications to be presently referred to, that a judgment recovered in an action is res judicata or conclusive, as to the issues adjudicated therein, in favor of or against a person who, though not an actual party to the record in that action, prosecuted the action or the defense thereto, on behalf of a party, or assisted the latter or participated with him in the prosecution of such action or its defense, if the same issue should be raised again in a subsequent action between him and the adversary of the party to whom *864 his assistance was given or with whom he co-operated." 139 A.L.R. 9, 12.
Moreover, the question of privity is one of fact which, when determined by a trial court, should not be disturbed unless clearly erroneous. Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 5 Cir.1968, 405 F.2d 958.
The problem in applying res judicata arises in connection with the "identity of the thing sued for" and "identity of the cause of action." Even though both actions arose out of the same set of facts there is not in our opinion the necessary elements present to satisfy the aforementioned conditions. The first suit was founded upon a tort for which Hartley sought recovery for damages suffered as a result thereof; the second suit was founded upon contract for which SCL sought indemnification as a result of having suffered a loss alleged to be indemnifiable under such contract. The essence of the "thing sued for" is essentially different although having arisen from the same factual situation.[2]
Moreover, there is a sufficient dissimilarity in the "identity of the cause of action" so as to render the doctrine of res judicata inapplicable. In Matthews v. Matthews, supra, the court had occasion to discuss the requisite conditions necessary for the application of the doctrine, and in particular the necessity for there to be "identity of the cause of action". The court stated, 133 So.2d at p. 94:
"For there to be `identity of cause of action,' within the meaning of the doctrine, the degree of proof required in the second suit must be at least as great as that required to support recovery in the first suit. If the degree of proof required in the first suit is greater than that required in the second, the cause of action cannot be held to be the same." (Emphasis added.)
Applying the foregoing it is apparent that the degree of proof required in Hartley's suit was greater than the degree of proof required in SCL's suit. It was necessary in order for Hartley to recover to prove that Industrial was negligent and that he, Hartley, did not contribute to the negligence or assume the risk. In SCL's suit it is necessary to prove under the terms of this contract of indemnification merely that Hartley's injury (wheresoever occurring) was directly or indirectly caused or contributed to either by the acts, negligence or omission of Industrial without regard to Hartley's negligence; or, alternatively, under paragraph 14(b) SCL need only show that the injury to Hartley occurred on the job site and resulted from "any cause whatsoever" (other than the "sole" negligence of SCL or its employees) without regard to whether Industrial was negligent. Because of the difference in the degree of proof required in the tort and the contract actions the "identity of cause of action" condition is not satisfied.
Since res judicata does not apply, the question then arises as to whether the entry of a summary judgment below can be supported upon the theory of collateral estoppel. Collateral estoppel, as previously noted, would be applicable where the second action between the same parties is upon a different claim or demand, the judgment of the prior action operating as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. It is essential that the question common to both causes of action was actually adjudicated in the prior litigation. Youngblood v. Taylor, Fla. 1956, 89 So.2d 503. If there is any uncertainty as to the matter formerly adjudicated the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment. Stone v. Stone, Fla.App. 1959, *865 111 So.2d 486. It is not enough for the court to apply collateral estoppel where the former cause involved the same issues if it cannot be shown that such issues were clearly adjudicated.
The former cause found "in favor of the defendant Industrial Contracting Company, Inc.". Such a finding could have been premised upon the jury believing that Industrial was not negligent or that Industrial was negligent but that Hartley was guilty of contributory negligence. Absent a special verdict on the issue of negligence or contributory negligence it is impossible to ascertain with any reasonable degree of certainty as to what issue was adjudicated in the former suit except to say that the jury found in favor of Industrial. Such uncertainty as to the effect of the prior adjudication renders the doctrine of collateral estoppel inapplicable to the case sub judice. See Universal Const. Co. v. City of Fort Lauderdale, Fla. 1953, 68 So.2d 366; Stadler v. Cherry Hill Developers, Inc., Fla.App. 1963, 150 So.2d 468.
We therefore conclude that the principles of res judicata and collateral estoppel are not applicable so as to preclude the further maintenance of the suit below. Our decision is in no way a determination on the merits of the claim or on any other unresolved issue including but not limited to the appropriateness and reasonableness of SCL's settlement with Hartley. We are keenly mindful of the principle that there should be an end to litigation; parties should not be vexed more than once for the same cause. If, however, there is some doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation and against the rigid application of any principle that would defeat the ends of justice.
Reversed.
WALDEN and OWEN, JJ., concur.
NOTES
[1] See comment under note 2, infra.
[2] It is seriously questioned whether matters relating to Industrial's liability under its contract of indemnification with SCL were matters that could have been raised in a tort suit between Hartley and Industrial.