WALDEN, Judge.
This appeal concerns the construction to be given to this paragraph of decedent’s will:
(1) I hereby, give, devise and bequeath unto my sister, ELLEN EBERHART, a resident of Palm Beach County, Florida, the use for the remainder of her natural life the following described real estate located in Palm Beach County Florida: [description omitted] for so long as she continues to use said property as her residence. (2) Upon the death of my sister or should she have predeceased me, then in such event I hereby give, devise and bequeath said real estate to my nieces, MARY THERESE GORHAM and JEAN MARIE GORHAM, or the survivor of them to be theirs absolutely. (3) In regard to this bequest I intend to leave my sister a life estate in this property with the remainder in fee to my two nieces. (Numbers inserted and emphasis supplied.)
The probate judge entered an order of no further administration necessary and found, with reference to the above paragraph:
... and it appearing to the Court, ... that the real property was devised to decedent’s sister for life and the remainder to two nieces, and that said sister survived; ... it is ORDERED and DECREED that no further administration is necessary....
Later, Ellen Eberhart discontinued the use of the property as her residence and moved to California. The two named nieces then filed a suit to quiet title saying that the estate of Ellen Eberhart terminated when she ceased to use the home as her residence and that they, therefore, are vested with fee simple title. On the other hand, Mrs. Eberhart asserted that she owned a life estate and the fact that she stopped using the home as her residence was of no moment under the terms of the will. She also claimed that the above-quoted portion of the probate judge’s order determined the matter and was res judica-ta. Collateral estoppel was not raised.
The trial court entered judgment in favor of Mrs. Eberhart. The nieces appeal. We reverse.
As to res judicata, we reject its application because the matter was not in actuality previously adjudicated and the nieces were not parties to the probate proceeding in the sense they can be held to have waived their position by not having sought adjudication or clarification of the matter during probate. Seaboard Coast *1276 line Railroad Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972).
As we view the will proviso, the first sentence conflicts with the second and third sentences. The first sentence, viewed alone, would indicate the creation of a determinable life estate in Mrs. Eberhart, that is to say, her estate would terminate upon the happening of either of two events; her death or her discontinuance of the use of the property as her residence. See generally, Bradford v. Culbreath, 40 Del. 373, 10 A.2d 534 (1939).
On the other hand, the second and third sentences, viewed alone, would indicate the creation of a pure life estate, that is to say, Mrs. Eberhart’s estate would terminate solely upon the event of her death. See 22 Fla.Jur.2d Estates, Powers and Restraints, § 76 (1980).
Should we ignore the affirmative stated condition in the first sentence, “for so long as she continues to use said property as her residence”, so as to end up with a traditional life estate, or, should we add, interpolate, or infer that same condition into the second and third sentences so as to end up with a determinable life estate.
It is our duty to reconcile testamentary conflicts wherever possible where such can be accomplished in furtherance of the testator’s intent and without doing violence to it. Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA 1983). The testator’s intent is to be measured by the language he selected and used by looking at the entire instrument, not isolated words, clauses or paragraphs. Luxmoore, et al., v. Wallace, 145 Fla. 325, 199 So. 492 (1940).
We must construe the three sentences comprising the paragraph as a whole. We give greater weight to the stated chosen words of the testator as opposed to the unstated words or silence on the part of the testator. In our opinion the testator intended to create a determinable life estate in Mrs. Eberhart, which estate would terminate upon the death of Mrs. Eberhart or upon her abandonment of the property as her residence.
We subjectively speculate without evi-dentiary basis that the scrivener either inadvertently neglected to repeat the words of condition in the second and third sentences, or, that the testator and scrivener felt that once having stated the key condition, it continued throughout and it was unnecessary to repeat such words, or, that they thought that the condition having been stated, Mrs. Eberhart would surely accept the condition and occupy the premises until her death, which would then terminate the life estate. While, as mentioned and emphasized, these suppositions are not supported by the evidence one way or the other, we dare to state them as perhaps being of some significance in light of the fact that we cannot conjure up any explanation as to why the testator would so clearly provide the terminating event, “for so long as she continues to use said property as her residence” if he did not mean exactly that.
We hold that Mrs. Eberhart’s life estate in the property in question terminated when she discontinued the use of the property as a residence and moved to California. At that time the two mentioned nieces became vested with fee simple title.
Reversed and remanded.
ANSTEAD and DELL, JJ., concur.