635 So.2d 1019 (1994)
Elizabeth Dorothy SMITH, Appellant,
v.
Patrick PERRY, Appellee.
No. 93-495.
District Court of Appeal of Florida, First District.
April 22, 1994.
James C. Cumbie, Cumbie & Cumbie, P.A., Jacksonville, for appellant.
Rodney D. McGalliard, Gainesville, for appellee.
PER CURIAM.
This case is before us on appeal from the trial court's order granting summary judgment in favor of appellee and defendant below Patrick Perry based on the doctrine of collateral estoppel. We reverse because Perry failed to establish all of the elements of that doctrine.
In July of 1989, Richard Smith, husband of appellant Elizabeth Dorothy Smith, was injured in a serious automobile accident. Patrick Perry was hired by Richard to represent him in a personal injury lawsuit. Although Perry had no personal contact with Elizabeth, he filed a loss of consortium claim on her behalf in Richard's lawsuit. Shortly *1020 thereafter, Richard and Elizabeth began experiencing marital difficulties. The evidence is in dispute as to whether Perry was aware of the extent of the couple's problems. On November 21, 1990, Perry met Elizabeth for the first time at a mediation conference between Richard and Elizabeth and the defendants in the personal injury lawsuit. Following lengthy negotiations, the suit was settled for $110,000.
In preparation for a settlement conference with Richard and Elizabeth, Perry's law firm made out a trust fund check payable to both in the amount of $64,942.85 ($110,000 less a 40-percent fee and costs advanced). The day before conference, Richard requested the settlement check be made payable only to him. According to Perry, he complied with the request but only after Richard assured him that Elizabeth would be at the settlement conference. Richard and Elizabeth then met with Perry at the settlement conference, where they executed a settlement statement, and Richard was given the settlement check. It is also disputed as to whether Elizabeth gave approval for the distribution to be made only to Richard. Richard and Elizabeth then went to the bank, where Richard cashed the check. Richard gave Elizabeth $1,000, paid off some marital debts, and kept the rest of the money.
One week later, Richard filed for divorce. Elizabeth filed an answer, admitting the allegations and waiving notice of appearance at the final hearing. She was not represented by counsel. Richard and Elizabeth subsequently entered into a marital settlement agreement that addressed all the issues presented by the dissolution action, including the division of real property and personal assets. A final judgment of dissolution incorporating the settlement agreement was entered by the circuit court on December 10, 1990. Neither the settlement agreement nor the dissolution order mentioned the proceeds from the personal injury settlement.
On July 24, 1991, Elizabeth filed a complaint against Perry, alleging attorney malpractice arising out of Perry's representation of Elizabeth in her loss of consortium claim. The malpractice complaint alleged that Perry had failed to enter into a fee agreement with Elizabeth; Perry failed to provide Elizabeth with a copy of a client's bill of rights; Perry disbursed the settlement check made payable to Richard without Elizabeth's consent and with the knowledge that she and Richard were experiencing marital problems; and Perry failed to inform Elizabeth of her participation in the settlement agreement. Elizabeth prayed for the court to apportion the amount of the settlement proceeds to which she was entitled but did not receive.
In response, Perry filed a motion for summary judgment which was granted by the trial court. The trial court found the circuit court had authority and jurisdiction to effectuate the personal injury settlement proceeds of Richard and Elizabeth in the prior dissolution proceeding. As such, Elizabeth was bound by the final judgment in that case and was collaterally estopped from asserting a claim against Perry seeking the same remedy and damages. This appeal followed.
This case is before the court from an order granting summary judgment. Notwithstanding the trial court's presumption of correctness, appellate courts must view every possible inference in favor of the party against whom the summary judgment is granted. Williams v. Bevis, 509 So.2d 1304 (Fla. 1st DCA 1987). If material issues of fact exist and the slightest doubt remains, summary judgment must be reversed. Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991). If not, then the remaining question is whether the summary judgment was based on a proper application of the law. Id. at 1071. Although there are some disputed facts in this case, the trial court's summary judgment is solely based on the application of the doctrine of collateral estoppel.
Collateral estoppel is applicable where a subsequent cause of action between the same parties is upon a different claim or demand from the first cause of action. In such a case, the judgment of the prior action estops the parties from litigating in the second suit issues or questions common to both causes of action which were actually adjudicated in the prior litigation. Seaboard Coast Line Railroad Co. v. Industrial Contracting *1021 Co., 260 So.2d 860, 863, 864 (Fla. 4th DCA 1972); Mobil Oil v. Shevin, 354 So.2d 372 (Fla. 1978) (the essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction). Here, most of the arguments by both counsel concerned the current status of the identity-of-parties element of collateral estoppel in this civil-to-civil context. See Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984), and Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989). However, we find it unnecessary to address that issue because we hold that the identity-of-issues requirement was not satisfied in this case.
As stated above, it is essential to the application of collateral estoppel that the question common to both causes of action be actually adjudicated in the prior litigation. Seaboard Coast Line, 260 So.2d at 864. Here, the same issue or questions presented in the first suit (dissolution proceeding) will not be relitigated in the present suit (attorney malpractice). This suit does not involve issues or questions surrounding the dissolution settlement agreement. Rather, the issue in this case is whether Perry committed legal malpractice in handling Elizabeth's consortium claim in the unrelated personal injury lawsuit.
In addition, since the first suit ended in a settlement and subsequent order, both of which never mentioned the proceeds of personal injury settlement, it is difficult to argue that the issue or any other, was litigated in the first suit. See, e.g., Keramati v. Schackow, 553 So.2d 741 (Fla. 5th DCA 1989). As stated in Seaboard Coast Line, "[i]f ... there is some doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation and against the rigid application of any principle that would defeat the ends of justice." Seaboard Coast Line, 260 So.2d at 864. For the foregoing reasons, we reverse and remand.[1]
BOOTH, ALLEN, and WEBSTER, JJ., concur.
NOTES
[1] Our holding, of course, in no way reflects our opinion of the merits of Elizabeth's malpractice claim against Perry.