ROTHENBERG, J.
The appellant’s motion for clarification is hereby denied. The Court, however, withdraws its original opinion issued on December 17, 2008, and substitutes the following opinion in its stead.
Extraordinary Title Services, LLC, etc., appeals from an order dismissing its second amended complaint with prejudice. We affirm.
I. FACTS AND PROCEDURAL HISTORY
Extraordinary Title Services, LLC (“Plaintiff’), on its behalf and on behalf of all Florida Power & Light Company (“FPL”) account holders in Florida, filed suit against FPL and FPL’s parent company, FPL Group, Inc. (“Group”) (collectively, “Defendants”), alleging in its second amended complaint as follows. FPL bills and collects monies from its customers for federal corporate taxes it expects to pay to the United States government. As FPL is included in Group’s consolidated federal tax returns along with Group’s other subsidiaries, FPL’s profits are offset by the losses of Group’s unprofitable subsidiaries, and therefore, the monies collected by FPL for federal corporate taxes are either not paid to the federal government or partially paid and then subsequently refunded to Group by the federal government.
Count I alleges that FPL violated the Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”), section 501.201-.213, Florida Statutes (2006), by knowingly collecting monies for federal corporate taxes, but keeping a substantial portion of the monies for itself and/or refunding the monies to Group. Count I seeks money damages and injunctive relief.
Count II asserts a quasi-contractual claim against Group for unjust enrichment, alleging, in part, that “Group has been unjustly enriched and received monies under circumstances where it is unjust for defendant Group to retain said monies and benefits received by it at the expense of the [P]laintiff[ ],” and that FPL’s account holders have conferred a benefit on Group.
The Defendants filed a motion to dismiss Plaintiffs second amended complaint. As to Count I, the Defendants argued that FPL, as a public utility, is under the exclusive jurisdiction of the Florida Public Service Commission (“Commission”); the Commission is empowered to set utility rates, § 366.06, Fla. Stat. (2006)[1]; the rates FPL charges and collects from its customers were approved by the Commission; the rates include a component for estimated federal corporate taxes; pursuant to section 366.04, Florida Statutes (2006),[2] the Commission has exclusive ju *402 risdiction to adjudicate disputes and challenges regarding rates and charges that a public utility imposes on customers; and pursuant to section 501.212, Florida Statutes (2006), FDUTPA does not apply to “[a]ny activity regulated under laws administered by the [Commission].” Moreover, as to Count II, the Defendants argued, in part, that the second amended complaint fails to state a cause of action for unjust enrichment against Group because Plaintiff has not conferred a direct benefit upon Group.
The trial court entered an amended order granting Defendants’ motion to dismiss the second amended complaint with prejudice, finding as follows: (1) although the second amended complaint prays for money damages, in essence, the Plaintiff is seeking a refund of alleged overpayments made to FPL; (2) pursuant to section 366.04(1), the Commission has exclusive jurisdiction over matters regarding rates of public utilities; and (3) pursuant to section 501.212, FDUTPA does not apply to activities regulated by the Commission.
Plaintiff moved for rehearing, and the trial court entered an order, (1) reaffirming its finding that the Commission has exclusive jurisdiction over the claim asserted against FPL; (2) finding the Commission does not have jurisdiction over the claim against Group; and (3) finding the second amended complaint fails to state a cause of action for unjust enrichment against Group because Plaintiff cannot show that it “directly conferred a benefit on [Group].” The trial court’s rehearing order also provides that, if the Commission determines that Plaintiff is entitled to a refund, it would be FPL’s responsibility to refund the monies, and if FPL fails to do so, Plaintiff may, at that time, file a separate action against Group. This appeal ensued.

II.STANDARD OF REVIEW

As “a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review.” Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003); see Fla. Dep’t of Corrections v. Abril, 969 So.2d 201, 204 (Fla.2007); BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003).

III.ISSUES ON APPEAL

In this appeal, we must determine (1) whether the Commission possesses exclusive jurisdiction over the claim alleged against FPL, or whether concurrent jurisdiction exists in the circuit court, and (2) whether FPL’s customers have conferred a direct benefit upon Group.

IV.ANALYSIS

A. Count I: FDUTPA Claim Against FPL
1. Exclusive or concurrent jurisdiction?
In finding that the Commission has exclusive jurisdiction over the Plaintiffs claim against FPL, the trial court relied on this Court’s decision in Florida Power & Light Co. v. Albert Litter Studios, Inc., 896 So.2d 891 (Fla. 3d DCA 2005). In Albert Litter Studios, FPL sought the issuance of a writ of prohibition to enjoin the circuit court from continuing to exercise jurisdiction over a class action lawsuit in which Albert Litter Studios alleged that certain commercial electricity users were overcharged due to faulty meters. In addition to seeking injunctive relief, the complaint asserted claims for breach of implied contract, breach of duty of good faith and fair dealing, negligence, fraudulent induce *403 ment, and negligent misrepresentations. In its petition for writ of prohibition, FPL argued that, pursuant to section 366.04, the Commission possessed exclusive jurisdiction because Albert Litter Studios was seeking a refund for electrical service charges. In opposing FPL’s petition, Albert Litter Studios argued that the circuit court had concurrent jurisdiction over the claims because the Commission lacks authority to award monetary damages for tort and contract claims, and to enter in-junctive relief.
This Court phrased the issue as “whether [the Commission] has exclusive jurisdiction over the plaintiffs claims, or whether concurrent jurisdiction lies in the circuit court.” Id. at 892. In addressing the issue, this Court focused on the nature of the relief sought by Albert Litter Studios, noting that “it is the nature of the relief sought, not the language of the complaint, that ultimately determines which tribunal has jurisdiction over the claim.” Id. at 893. This Court found that, although Albert Litter Studios’ complaint sought an award of money damages, in reality, its “claim is for a refund of charges for electricity it did not use.” Id. at 894. Moreover, recognizing that section 366.04(1) provides that “the [Commission shall have jurisdiction to regulate and supervise each public utility with respect to its rates and services” and that “[t]he jurisdiction conferred upon the [Cjommission shall be exclusive and superior to that of all other boards,” id. at 895, this Court concluded:
The essence of the purported class-action claim against FP & L is a refund of money customers paid FP & L for electricity they did not actually use. Jurisdiction for actions such as this properly resides in the Commission. Given the arcane complexities of utility rate-making, the legislature’s decision to vest supervision of rates and service exclusively in the Commission must be respected. Indeed, to insert this state’s judiciary and juries into the process would create unacceptable havoc in the provision of an essential staple of the lives of the citizenry of this state.
Id. at 896.
In the instant case, as in Albert Litter Studios, we must examine the Plaintiffs second amended complaint to determine “the nature of the relief sought.” A review of the complaint indicates that, although it prays for “an award of actual damages,” in reality the Plaintiff is seeking a refund of a portion of the rate charged and collected by FPL. In fact, paragraph 32 of the second amended complaint alleges, in part, that “tax monies initially derived from the bill payments made to [FPL] by said account customers should be refunded to said account customers.” (emphasis added). Therefore, as in Albert Litter Studios, we conclude that, pursuant to section 366.04(1), the Commission has exclusive jurisdiction over the Plaintiffs claim against FPL, and therefore the trial court properly dismissed Count I of the second amended complaint with prejudice.
2. Is FDUTPA applicable to claim asserted against FPL?
As we have concluded that the Commission has exclusive jurisdiction under section 366.04(1), we find that the trial court also properly dismissed Count I pursuant to section 501.212(5), which provides that FDUTPA does not apply to “[a]ny activity regulated under laws administered by the Florida Public Service Commission.”
B. Count II: Unjust Enrichment by Quasi-Contract Claim Against Group
The Defendants have acknowledged that the Commission does not have jurisdiction over the Plaintiffs claim *404 against Group for unjust enrichment by quasi-contract. The Defendants, however, argue that the trial court properly found that the Plaintiff cannot show that it directly conferred a benefit on Group, and therefore, the dismissal of that count with prejudice must be affirmed on appeal.
The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.
Peoples Nat’l Bank of Commerce v. First Union Nat’l Bank of Fla., 667 So.2d 876, 879 (Fla. 8d DCA 1996) (quoting Hillman Constr. Corp. v. Warner, 636 So.2d 676, 577 (Fla. 4th DCA 1994) (citations omitted)).
In the instant case, the second amended complaint indicates that Plaintiff has absolutely no relationship with Group and has not conferred a direct benefit upon Group. Plaintiff contracted with FPL, not Group, for electricity; Plaintiff paid FPL, not Group; and Group provided no services to Plaintiff. Based on these facts, which are not in dispute, the Plaintiff cannot allege nor establish that it conferred a direct benefit upon Group. Therefore, we conclude that the trial court properly dismissed with prejudice the unjust enrichment claim asserted against Group.
Our conclusion is supported by this Court’s decision in Peoples National. In that case, Southeast Bank made two loans to a developer. Prior to making these loans, Southeast Bank entered into separate participation agreements with five lenders, including Peoples National. Pursuant to the participation agreements, Southeast Bank was to act as the lead lender, and it was responsible for colleet-ing payments from the developer and then remitting payments to each of the five participant lenders. Several years later, Peoples National filed an unjust enrichment action against the other four participant lenders, demanding a refund of alleged overpayments made to the four participant lenders. This Court affirmed the dismissal of the unjust enrichment count with prejudice, finding as follows:
Here, the plaintiff, Peoples National, could not and did not allege that it had directly conferred a benefit on the defendants, the other participant lenders. In actuality, if any benefit was conferred upon each participant lender in the form of overpayments, it could only have been conferred upon them by Southeast, not Peoples National. Because Peoples National failed to allege ultimate facts that support a prima facie case of unjust enrichment, the trial court properly dismissed with prejudice that count against the other participant lenders.
Id. at 879.
Y. CONCLUSION
For the reasons stated in this opinion, we affirm the trial court’s order dismissing Plaintiffs second amended complaint without prejudice.
Affirmed.

. Section 366.06 provides in relevant part:
366.06 Rates: procedure for fixing and changing.
(1) A public utility shall not, directly or indirectly, charge or receive any rate not on file with the commission for the particular class of service involved, and no change shall be made in any schedule.... [Tjhe commission shall have the authority to determine and fix fair, just, and reasonable rates that may be requested, demanded, charged, or collected by any public utility for its service....

. Section 366.04 provides in relevant part:
366.04 Jurisdiction of commission.—
(1) In addition to its existing functions, the commission shall have jurisdiction to regulate and supervise each public utility with respect to its rates and services).] ... The jurisdiction conferred upon the com *402 mission shall be exclusive and superior to that of all other boards....