CORTIÑAS, J.
 

 United Automobile Insurance Company, Inc. (“United Auto”) sued the Law Offices of Michael I. Libman and Michael I. Lib-man, Esq., (collectively “Libman”) on theories of restitution, fraud, and insurance fraud, seeking recovery of personal injury protection benefits (“PIP benefits”), attorney’s fees and costs in previously filed and now closed personal injury protection lawsuits (“PIP lawsuits”).
 

 Prior to the underlying lawsuit, Libman had received monies from United Auto as part of several PIP lawsuits.
 
 [1]
 
 Some time after the resolution of the PIP lawsuits, United Auto filed a new and separate lawsuit against Libman alleging that its own investigation revealed false billing for tasks performed by a non-lawyer medical billing company, Continental Providers’ Services (“Continental”), improper fee-splitting with Continental after payment, and false prosecution of several PIP lawsuits without authority from the putative plaintiffs. The trial court dismissed United Auto’s complaint with prejudice on grounds that it stemmed from the PIP lawsuits and, as such, had been previously adjudicated by courts of competent jurisdiction or resolved by settlement agreements. United Auto appeals the dismissal of the counts for restitution and fraud.
 
 [2]
 
 We reverse.
 

 “As a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is renewable on appeal by the de novo standard of review.”
 
 Extraordinary Title Servs., LLC v. Fla. Power & Light Co.,
 
 1 So.3d 400, 402 (Fla. 3d DCA 2009) (quoting
 
 Susan Fixel, Inc. v. Rosenthal & Rosenthal Inc.,
 
 842 So.2d 204, 206 (Fla. 3d DCA 2003)). Particularly; “W trial court’s ruling that relief is barred on the grounds of res judicata or collateral estoppel is reviewed de novo.”
 
 Felder v. State, Dep’t of Mgmt. Servs., Div. of Ret.,
 
 993 So.2d 1031, 1034 (Fla. 1st DCA 2008) (citing
 
 Campbell v. State,
 
 906 So.2d 293, 295 (Fla. 2d DCA 2004)). “A motion to dismiss under rule 1.140(b) tests whether the plaintiff has stated a cause of action, not whether the plaintiff will prevail at trial.”
 
 Lonestar Alt. Solution, Inc. v. Leview-Boymelgreen Soleil Developers, LLC.,
 
 10 So.3d 1169, 1171 (Fla. 3d DCA 2009) (citing
 
 Meadows Cmty. Ass’n v. Russell-Tutty,
 
 928 So.2d 1276, 1280 (Fla. 2d DCA 2006)). Therefore, “[a]ll allegations of the complaint must be taken as true and all reasonable inferences drawn therefrom
 
 *1104
 
 must be construed in favor of the non-moving party.”
 
 Felder,
 
 993 So.2d 1081 at 1034 (citing
 
 The Fla. Bar v. Greene,
 
 926 So.2d 1195, 1199 (Fla.2006)).
 

 It is well established “that for the doctrine of res judicata to apply, several conditions must exist, which include: ‘identity of the thing sued for; identity of the cause of action; identity of [the] parties; and identity of the quality in the person for or against whom the claim is made.’ ”
 
 Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.,
 
 945 So.2d 1216, 1235 (Fla.2006) (quoting
 
 Albrecht v. State,
 
 444 So.2d 8, 12 (Fla.1984)). “Res judicata applies to matters actually raised and determined in the original proceeding and also to matters which could have properly been raised and determined.”
 
 Id.
 
 (citing
 
 State v. McBride,
 
 848 So.2d 287, 290 (Fla.2003)). “The rule of collateral estoppel (or estoppel by judgment) requires that the matter sought to be interposed as a bar must have been litigated and determined by the judgment, or if not expressly adjudicated, essential to the rendition of the judgment.”
 
 Pa. Ins. Co. v. Miami Nat’l Bank,
 
 241 So.2d 861, 863 (Fla. 3d DCA 1970). Neither res judicata nor collateral estoppel apply to this case.
 

 We agree with United Auto that “[t]he present case is not appropriate for the application of res judicata, as neither the parties nor the cause of action are the same.”
 
 Id.
 
 In the prior actions, Lib-man litigated the PIP lawsuits against United Auto on behalf of insureds for judgment of first-party insurance benefits. Presently, United Auto brings a separate lawsuit against Libman that alleges a claim for restitution and fraud based on the monies it paid out in connection with the PIP lawsuits. Although the allegations of restitution and fraud may arise in relation to the PIP lawsuits, “[t]he mere reference to a prior controversy is insufficient to raise the res judicata issue.”
 
 McLean v. McLean,
 
 461 So.2d 1031, 1033 (Fla. 2d DCA 1985). Moreover, on the merits, the judgments entered in the PIP lawsuits determined whether there was insurance coverage, and if so, whether the medical treatment was reasonable, related to the automobile accident, medically necessary, and lawfully rendered.
 
 Auto Owners Ins. Co. v. Marzulli,
 
 788 So.2d 1031, 1033-34 (Fla. 2d DCA 2001).
 

 Likewise, collateral estoppel would have applied if the same issues that were adjudicated in the PIP lawsuits were the same as found within the amended complaint.
 
 See Wacaster v. Wacaster,
 
 220 So.2d 914, 916 (Fla. 4th DCA 1969) (“Where the actions are upon different claims, the former [judgment] operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict is rendered.”). “The doctrine of collateral estoppel bars relitigation by parties or their privies of issues common both to the present action and to the action previously litigated.”
 
 Skidmore, Owings & Merrill v. Volpe Constr. Co. Inc.,
 
 511 So.2d 642, 644 (Fla. 3d DCA 1987). Notably, if the issue in dispute has not been fully litigated, the doctrine is inapplicable.
 
 Wacaster,
 
 220 So.2d at 916. United Auto’s amended complaint alleged restitution and fraud in the underlying lawsuit. These are separate and distinct issues from those adjudicated in the PIP lawsuits: the amended complaint disputes Libman’s authority to prosecute the PIP lawsuits and alleges fee-splitting with Continental, both of which have yet to be fully litigated on the merits by a court of competent jurisdiction. Because “[t]hese matters could not properly be raised or considered on a motion to dismiss[,]” we agree with United Auto that the counts for restitution and fraud were improperly dismissed by the trial court.
 
 *1105
 

 Bess v. Eagle Capital, Inc.,
 
 704 So.2d 621, 622 (Fla. 4th DCA 1997).
 

 Accordingly, we reverse the trial court’s order dismissing the amended complaint with prejudice and remand with instructions to reinstate count I for restitution and count II for fraud.
 

 Reversed and remanded.
 

 [1]
 

 . The PIP lawsuits were brought pursuant to section 627.736, Florida Statutes, which provides personal injury protection benefits from an insurer to an insured.
 

 [2]
 

 . On appeal, United Auto does not seek review of the decision to dismiss its claim for insurance fraud pursuant to section 627.736(4)(h), Florida Statutes.