SALTER, J.
The plaintiff, West Kendall Holdings, LLC, appeals an order dismissing its complaint with prejudice. We reverse the order, finding that none of the grounds argued in the motion merit dismissal with prejudice.
The test on a motion to dismiss is not whether the plaintiff can prevail at trial, but whether the complaint states a cause of action. United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So.3d 1101, 1103 (Fla. 3d DCA 2010). A dismissal order is reviewed de novo, and the “allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff.” Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla.1985); accord United Auto. Ins. Co., 46 So.3d at 1103-04. Applying these principles to West Kendall’s complaint, it does state a cause of action against the appellee, Down-rite Engineering.
In its motion to dismiss, Downrite Engineering attacked the complaint on three grounds. It argued that a New York bankruptcy court had exclusive jurisdiction over the parties’ dispute; that a settlement agreement between the parties released Downrite Engineering from any liability; and that the economic loss rule barred West Kendall’s negligence claim. However, these grounds do not support dismissal with prejudice.
The first ground for dismissal lacks merit because the bankruptcy court had entered a final decree under 11 U.S.C. § 350 closing the jointly administered case of West Kendall (and 127 other related entities) two months before the filing of West Kendall’s circuit court complaint in Miami. The bankruptcy court’s retention of jurisdiction for certain limited purposes[1] did not bar, as a matter of law, West Kendall’s prosecution of its claims.
Second, although the bankruptcy court approved a settlement agreement between West Kendall and Downrite Engineering in 2009, that agreement did not conclusively bar the action below.[2] The agreement addressed claims (and payment) related to work Downrite Engineering had performed under a partially-completed construction contract. The agreement expressly contemplated that work under the contract would continue and that any such future work was not subject to the release. The agreement released Downrite Engineering from liability through the January 2010 date of approval by the bankruptcy court, but specifically excluded the later claims asserted by West Kendall in its 2011 complaint. The settlement agreement and release did not bar the action, and the bankruptcy court order approving the settlement provided that when that court no longer had jurisdiction over the matter (as here, when the Chapter 11 cases were closed), “any dispute shall be brought in a court of competent jurisdiction in and for Miami-Dade County, Florida.”
*616 The third and final asserted basis for dismissal is the economic loss rule. It would appear that this might limit damages on West Kendall’s negligence count (count III).[3] However, a plaintiff is entitled to amend a complaint once as of right before a responsive pleading is filed. Boca Burger, Inc. v. Forum, 912 So.2d 561, 566-67 (Fla.2005). The dismissal motion in this case is not a responsive pleading. Id. Therefore, West Kendall should have been given an opportunity to amend before facing the dismissal of count III.
Based on this analysis, we reverse and remand the case for further proceedings.

. The New York bankruptcy court retained jurisdiction (1) to enforce the terms of the confirmed plans of reorganization for the 128 related entities, (2) to consider the motion of "any party” to re-open any of the bankruptcy cases "for cause,” and (3) to interpret or implement the order closing the cases. The record discloses no motion by Downrite Engineering after that order to re-open West Kendall's bankruptcy or to seek other relief in the New York case.

. Downrite Engineering may raise release as an affirmative defense upon remand, but that issue is inappropriate for summary disposition at this stage and on this record. Fla. R. Civ. P. 1.110(d); Pontier v. Wolfson, 637 So.2d 39 (Fla. 2d DCA 1994).

. But see Tiara Condo. Ass’n v. Marsh & McLennan Cos., 110 So.3d 399 (Fla.2013).