# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-273
Lower Tribunal No. 11-224-M
_____

**Margaret A. Broz,**
Appellant,

vs.

**R.E. Reece, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Margaret A. Broz, in proper person.

No Appearance for appellees.

Before SALTER, SCALES and HENDON, JJ.

PER CURIAM.

Affirmed. Notwithstanding the facts that (1) the hearing on the appellees/defendants' motion to dismiss was noticed and conducted as an

evidentiary hearing and (2) the trial court heard the appellant/plaintiff's testimony before dismissing the first amended complaint with prejudice, our task as a reviewing court is unaffected. The order dismissing the first amended complaint with prejudice is subject to a de novo standard of review. United Auto. Ins. Co. v. Law Offices of Michal I. Libman, 46 So. 3d 1101, 1103 (Fla. 3d DCA 2010). We consider the allegations within the four corners of the complaint and its attachments to be true, Coriat v. Global Assurance Group, Inc., 862 So. 2d 743, 743 (Fla. 3d DCA 2003), as well as all reasonable inferences drawn from those allegations, United Automobile Insurance Co., 46 So. 3d at 1103-04.

Dismissal with prejudice, with its denial of the right to amend the complaint again, should not be granted unless the privilege of amendment has been abused, there is prejudice to the opposing party, or further amendment would be futile. Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co., 917 So. 2d 964, 968 (Fla. 3d DCA 2005); World Class Yachts, Inc. v. Murphy, 731 So. 2d 798, 800 (Fla. 4th DCA 1999).

The first amended complaint, its attachments, and the circuit court's own dockets establish that: the defendants prepared the survey of Ms. Broz's half of a residential duplex property, 427 26th Street Ocean, Marathon, Florida, before she purchased it in 2005; Ms. Broz is an attorney; the survey erroneously switched the street address and legal description for Ms. Broz's half of the duplex for the legal

2

description and street address for the other half of the duplex, 409 26th Street Ocean, Marathon; the survey error caused Ms. Broz to be served with a foreclosure complaint on a mortgage that was intended to encumber the other half of the duplex, not Ms. Broz's half; that foreclosure commenced in December 2006 and the complaint was personally served on her in January 2007; and Ms. Broz filed her lawsuit against the surveyors in July 2011.

The motion to dismiss the first amended complaint maintained that Ms. Broz had conceded an irremediable bar to her claim based on the statute of limitations. The parties are on common ground that the applicable statute, section 95.11(3)(a), Florida Statutes (2007), specifies a four-year limitation period for "[a]n action founded on negligence." The cause of action accrues "when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2007).

The first amended complaint itself establishes that the owner of the other half of the duplex defaulted on his mortgage loan, with the result that Fremont Investment & Loan commenced a lawsuit against Ms. Broz (erroneously, and only by virtue of the mistaken legal description and address) in December 2006.[1]

Ms. Broz failed to pursue her alleged negligence claim within four years from the date the erroneous addresses and legal descriptions damaged her rights as owner

---

[1] The foreclosure complaint itself was attached to the first amended complaint. The court entered an order dismissing a prior version of the complaint in this case finding that Ms. Broz was served with the foreclosure complaint on January 6, 2007.

3

of her half of the duplex. The period from service of the foreclosure complaint upon her until the filing of her own lawsuit was over four years and six months. Further amendment could not change that fatal flaw, as her first amended complaint and attachments acknowledged that the misdirected foreclosure led her to the discovery of the survey, street address, and legal description transpositions for the two halves of the duplex.[2]

Ms. Broz's contentions that the applicable four-year statute for negligence was tolled, or that her cause of action accrued later under the delayed discovery doctrine, are unavailing. The first amended complaint and attachments do not include, nor does this record suggest that any further amendment could include, any allegation supporting a tolling claim under section 95.031, Florida Statutes (2007).

This Court has also construed the delayed discovery doctrine cautiously and narrowly, following Florida Supreme Court precedent, in cases of intentional torts arising from childhood sexual abuse and "specific historical and procedural facts" quite unlike anything presented here. Cisco v. Diocese of Steubenville, 123 So. 3d 83, 84 (Fla. 3d DCA 2013).

For these reasons, the final order and dismissal with prejudice are affirmed.

---

[2] Ms. Broz's initial slander of title claim, dismissed upon consideration of an earlier version of her complaint and a stipulation that the applicable statute of limitations for that claim was two years, was not realleged by her in the first amended complaint.