FERNANDEZ, J.
Irene Florescu ("Florescu") appeals the trial court's dismissal of Count II of her amended complaint against Royal Caribbean Cruises, LTD. ("RCCL"). Florescu alleged in Count II of her amended complaint, in relevant part, that she was acting within the course and scope of her employment as a seaman aboard a vessel owned and operated by RCCL, that she was injured *503 while in the service of the vessel and entitled to maintenance and cure, and that RCCL failed to provide maintenance and cure as required by law.
RCCL filed a motion to dismiss Count II of Florescu's complaint, alleging that Count II failed to state a cause of action because Florescu was not employed by RCCL and that she failed to join an indispensable party, Steiner Transocean Limited, Florescu's employer and RCCL's subcontractor. RCCL attached a copy of Florescu's employment contract with Steiner to RCCL's motion to dismiss. The trial court granted RCCL's motion to dismiss, finding that Florescu "failed to allege that the Defendant is Plaintiff's employer."
In considering a motion to dismiss, the trial court is limited to the four corners of the complaint, and the allegations in the complaint are assumed to be true. W. Kendall Holdings, LLC v. Downrite Eng'g Corp., 112 So. 3d 614, 615 (Fla. 3d DCA 2013). Assuming the facts alleged in Count II of Florescu's amended complaint, it is impossible to conclude that RCCL is not Florescu's employer, particularly when she alleged that she was "acting within the course and scope of her employment as a seafarer [ ] aboard a vessel owned and operated by Defendant, RCCL." Although it may be true that Florescu was not employed by RCCL, one must not look beyond the four corners of the complaint to reach that conclusion. Minor v. Brunetti, 43 So. 3d 178, 179 (Fla. 3d DCA 2010). On a motion to dismiss, a search beyond the four corners of the complaint is impermissible. We therefore reverse and remand to the trial court for further proceedings.
Reversed and remanded.